820 So.2d 1265 (2002)
Eddie CARTER
v.
WAL-MART STORES, INC.
No. 02-122.
Court of Appeal of Louisiana, Third Circuit.
June 26, 2002.
*1266 Philip Hunter & Heidel A. Schneider, Hunter & Morton, Alexandria, LA, for Plaintiff/Appellee, Eddie Carter.
Eric J. Waltner, Allen & Gooch, Lafayette, LA, for Defendant/Appellant, Wal-Mart Stores, Inc.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
PICKETT, J.

FACTS
On October 24, 1997, Eddie Carter was employed by Wal-Mart in the Receiving Department when he injured his back in the course of performing his duties. Initially, Mr. Carter sought medical treatment for his injury at Huey P. Long Medical Center in Alexandria, Louisiana. Ultimately, an MRI revealed the claimant had a ruptured disc with nerve impingement at L5 S1. On July 18, 1998, Dr. M. Lawrence Drerup, a neurosurgeon, performed a discectomy on the claimant. In December of 1998, Dr. Drerup reported *1267 that Mr. Carter had reached maximum medical improvement with a 10% total body impairment and released him to return to work.
Mr. Carter received indemnity benefits from the date of injury until December 13, 1998. Mr. Carter returned to work with Wal-Mart on December 24, 1998, performing light duty tasks. He resigned on March 20, 1999, to work for Red Simpson. Mr. Carter worked for Red Simpson as a ground man (laborer) from March 23, 1999, until November 24, 1999. According to his supervisor, Richard Landry, Mr. Carter did not do too much because he wasn't capable of doing too many things. Landry stated that the claimant was in training mostly observing and assisting. Allegedly, the claimant continued to suffer from pain in his back and leg while he was employed by Red Simpson.
The claimant re-injured his back at his home on November 18 or 19, 1999, when he twisted his back upon trying to catch a falling picture frame. On November 29, 1999, the claimant went to the V.A. Medical Center with complaints of back pain. Mr. Carter could not return to work for Red Simpson without a medical release. His employment with Red Simpson was terminated in January of 2000.
On December 23, 1999, Mr. Carter filed a Disputed Claim for Compensation against Wal-Mart Stores, Inc. Following a trial of the matter on November 8, 2001, the workers' compensation judge issued an oral ruling. Judgment was rendered in favor of Mr. Carter, finding that he was entitled to Supplemental Earnings Benefits in the amount of $132.21 per week, retroactive from the date of his last employment with Red Simpson. Additionally, penalties in the amount of $2,000.00 for failure to timely pay medical benefits and $2,000.00 for failure to pay indemnity benefits, and $5,000.00 in attorney fees were awarded.
Wal-Mart appeals from this judgment.

ASSIGNMENTS OF ERROR
I. The Trial Court committed manifest error by holding that Mr. Carter sustained his burden of establishing causation by a preponderance of the evidence;
II. The Trial Court committed manifest error by holding that Mr. Carter sustained his burden of establishing by a preponderance of the evidence an inability to earn at least 90% of his average monthly wage; and
III. The Trial Court committed manifest error by holding that Wal-Mart Stores, Inc. was liable for penalties and attorney fees, and, in the alternative, the award of attorney fees was excessive.

DISCUSSION
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Smith v. La. Dept. of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, 617 So.2d 880 (La.1993).
The workers' compensation judge noted that the issues to be resolved in this matter are: 1) whether or not in November of 1999 Mr. Carter sustained an aggravation to his preexisting work injury from October of 1997 or whether or not he had a separate new injury, 2) and, if he had a new injury, is there a causal relationship to the October 1997 injury, 3) whether he is entitled to any indemnity or medical benefits and penalties and attorney fees and 4) *1268 whether his right to temporary total disability benefits has prescribed. Each of these issues were thoroughly discussed by the workers' compensation judge in his oral reasons for ruling.

Compensable Injury
The aggravation of a prior work-related injury is compensable even though the aggravation occurs away from work and after employment has been terminated. Stewart v. Hospitals Affiliates Int'l, Inc. of Baton Rouge, 404 So.2d 944 (La. 1981). If the work-related injury predisposed the plaintiff to the second injury, then a causal connection is found between the two accidents and the plaintiff is entitled to compensation. Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Lacy v. PPG Industries, Inc., 93-1588 (La. App. 3 Cir. 6/1/94); 640 So.2d 655, writ denied, 94-1703 (La.10/7/94); 644 So.2d 639.
The Workers' Compensation Act is construed liberally in favor of the worker, however, this does not relax the worker's burden of proof. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992). This burden of proof requires the worker to establish, by a preponderance of the evidence, that a work-related accident occurred. Burns v. Beauregard Nursing Ctr., 94-131 (La.App. 3 Cir. 10/5/94); 643 So.2d 443.
The record reveals that the parties stipulated at trial that the claimant was employed by Wal-Mart on October 24, 1997, when he sustained an accident arising out of and occurring during the course or his employment. The parties further stipulated that the claimant returned to work on December 24, 1998, and remained employed with Wal-Mart until he resigned to seek employment with Red Simpson on March 20, 1999. He worked for Red Simpson performing light duty tasks from March 23, 1999 to November 24, 1999.
The appellant asserts that the claimant failed to prove the disability for which he is seeking benefits was a result of the previous injury sustained while in the course and scope of employment with Wal-Mart, rather than the recent back injury he sustained at his home a few weeks before he stopped working for Red Simpson. However, in his oral ruling, the workers' compensation judge referred to Dr. Phillip Osborne's deposition testimony concerning whether this was a recurrence of his previous problem or an aggravation or a new injury:
When you have an injury that requires surgery not only do you make that area weak but the mechanics make the area above and below it weak and more susceptible to injury. Mr. Carter is at much higher risk of an injury because he had previous back injury which did require surgery.
Dr. Randall Lea's deposition was taken on October 23, 2001. Dr. Lea opined that Mr. Carter had a temporary aggravation of a preexisting condition which we know is the injury he sustained at Wal-Mart on October 24, 1997.
After reviewing the record, we find that the workers' compensation judge was not wrong in finding a causal connection between Mr. Carter's work-related injury and the subsequent back injury that occurred at his home.
By appellant's second assignment of error, Wal-Mart argues that the trial court committed manifest error by holding that Mr. Carter sustained his burden of establishing by a preponderance of the evidence an inability to earn at least 90% of his average monthly wage.
*1269 Entitlement to supplemental earnings benefits is governed by La.R.S. 23:1221(3), which provides:
(a) For injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his "wages" by fifty-two and then dividing the quotient by twelve.
(b) For purposes of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain.
"Once the employee's burden is met, the burden of proof then shifts to the employer, who, if he wishes to contend that the employee is earning less than he is able to earn so as to defeat or reduce supplemental earnings benefits, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region." La.R.S. 23:1221(3)(c)(I); Johnson v. Apeck Const., Inc., 96-1283, p. 4 (La.App. 3 Cir. 3/5/97); 692 So.2d 476, 479, quoting, Smith v. La. Dept. of Corrections, 93-1305, p. 5 (La.2/28/94); 633 So.2d 129, 132-133.
The parties stipulated that Mr. Carter's average weekly wage was one hundred and ninety-eight dollars and twenty-one cents and that figure corresponds to a weekly compensation rate of one hundred thirty-two dollars and twenty-one cents. The workers' compensation judge noted in his oral ruling that there's been no showing that Mr. Carter can return to any work or that any work has been offered or provided to him. Therefore, this assignment of error is without merit.
In its final assignment of error, the appellant contends that the workers' compensation judge committed manifest error by holding that Wal-Mart Stores, Inc. was liable for penalties and attorney fees.
"An employer may escape liability for its delays in providing medical benefits if: (1) its nonpayment stemmed from conditions over which the employer had no control, or (2) the employer reasonably controverted the employee's right to such compensation or medical benefits. La. R.S. 23:1201(F)(2)." Thibodeaux v. Sunland Const., 00-1472, p. 7 (La.App. 3 Cir. 4/4/01); 782 So.2d 1203, 1208.
In deciding the issue of penalties, the workers' compensation judge noted:
There's been no showing that Wal-Mart possessed any factual or medical information to dispute the fact that Mr. Carter had aggravated his back in November of 1999 and that it aggravated the job injury that he sustained working for Wal-Mart.
. . . .

*1270 I know that they obtained the medical records again from Doctor Osborne in October of 2000. They obtained the medical records from Doctor Drerup again in November of 2000. They obtained the V.A. records on April 2nd of 2001. This is November of 2001 and they still have paid no benefits.
Therefore, the workers' compensation judge found that the defendant-appellant failed to reasonably controvert the claim of Mr. Carter. We agree. Next, we consider appellant's argument that the workers' compensation judge erred in awarding attorney's fees or in the alternative the award of attorney's fees was excessive.
The determination whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact and a workers' compensation judges' finding shall not be disturbed absent manifest error. Foster v. Liberty Rice Mill, 96-438 (La.App. 3 Cir. 12/11/96); 690 So.2d 792.
In assessing attorney fees to encompass the denial of indemnity and medical at five thousand dollars, the workers' compensation judge noted the numerous depositions that counsel for Mr. Carter participated in and the large amount of discovery that was involved in this matter.
We find no manifest error in the workers' compensation judge's decision to award attorney fees nor the amount assessed.

DECREE
We affirm the judgment of the workers' compensation judge, in all respects.
AFFIRMED.