STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ROY STROTHER

VERSUS

GUINN OILFIELD SERVICES, L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NUMBER 02-02617
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLIE COLOMBARO WOODARD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard
Ezell, Judges.

**AFFIRMED AS AMENDED.**

Chris Smith, III
The Smith Law Firm, L.L.P.
Post Office Box 1528
Leesville, Louisiana 71496
(337) 238-1531
Counsel for Plaintiff/Appellee:
        Roy Strother

Henry Harvey LeBas
Robert M. Martina
Law Offices of Henry H. LeBas
5750 Johnston Street, Suite 5100
Lafayette, LA 70503
(337) 988-4500
Counsel for Defendant/Appellant:
        Guinn Oilfield Services

WOODARD, Judge.

This workers' compensation appeal arises from an action for disability benefits. The WCJ found that Roy C. Strother sustained a disabling back injury while in the course and scope of his employment with Guinn Oil Field Services, L.L.C. (Guinn Oil). We affirm as amended.

* * * * *

Roy C. Strother worked as a roustabout, which is a physical job that is very strenuous and requires heavy lifting, for Guinn Oil from September of 2001 to November 21, 2001.

During one of the last few days of his employment, Mr. Strother injured his back on the job site, which is referred to as the Glade Branch or the Hunt Plywood site, while carrying heavy valves, boxes of bolts, and pipe wrenches up three flights of stairs to the top of a twenty-four-foot tank. According to Mr. Strother, a crane would have normally carried these materials to the top of the tank but, on this day, the crane was at another job site.

While making one of his many climbs up to the top of the tank, Mr. Strother remembered feeling "something burning and pinching in [his] . . . back and . . . left leg." When asked at trial if he reported his injury to any of his superiors, he stated that he reported it to Douglas Cloud, Jr., his "foreman" and brother-in-law. Mr. Cloud told him to "take it easy" the rest of the day and suggested to him that he might be hurting because he was not yet accustomed to all the heavy lifting required by this type of work considering that he started working for Guinn Oil only a couple months before.

After work, Mr. Strother went home to his wife, Donna Marie Strother, and their three-year-old son. When he arrived, he said:

> I could barely get out of my truck [because] I was hurting so bad. I like to never made it home. When I got there . . . I sat down on the steps and she helped me pull my . . . boots off . . . and I . . . stripped down to my drawers on the steps. And she helped me get . . . into the tub to take a shower.

1

Mrs. Strother was asked about her husband's condition on that night. She responded: "Whenever he came in he looked depressed, and my [husband has] always been high strung and always hyper, and he was just depressed and I asked him what was wrong and he said he was . . . hurt."

That same night, Mr. and Mrs. Strother picked up his brother-in-law, Mr. Cloud, on their way to a pharmacy. When they asked for the pharmacist's opinion on how to relieve a pulled muscle, she recommended that Mr. Strother use "muscle rub and Aleve" and told him to report his injury to his boss if it did not get any better within seven days.

Sometime thereafter, Mr. Cloud allegedly called Jerry Guinn, the owner of Guinn Oil, to find out if the company would be doing some work in Washington, Louisiana. Mr. Cloud knew that if Guinn Oil did not get hired to do this job, he and Mr. Strother might get laid off. During their conversation, Mr. Guinn told him that he had not yet heard anything but he was expecting some news on the Washington job in a few days.

When the Washington job did not come through, Mr. Guinn informed Mr. Cloud that he had no choice but to lay off him and Mr. Strother. Later that day, Mr. Cloud relayed this bad news to his brother-in-law.

On November 26, 2001, Mr. Guinn sent both of them an official layoff notice. They needed this document to apply for food stamps and unemployment benefits. However, Mr. Strother could not get unemployment benefits because his injuries prevented him from going back to work.

The next day, on November 27, 2001, Mr. Strother called Mr. Guinn to inform him that he injured his back on the job. This was the first time that Mr. Guinn learned of his injuries.

Afterwards, Mr. Strother began receiving workers' compensation benefits from Montlake Casualty Company (Montlake) together with some medical expenses.

On April 11, 2002, Mr. Strother filed suit, alleging that Guinn Oil and Montlake paid him an improper amount in weekly compensation benefits, but he later amended his claim to dispute their refusal to pay him benefits since August 1, 2002 and to dispute their failure to authorize medical treatment.

On April 29, 2003, the WCJ rendered a judgment in Mr. Strother's favor, awarding him: (1) $321.23 in weekly workers' compensation benefits that were due

from November 21, 2001, together with legal interest, but this award was made subject to a credit for any benefits previously paid; (2) all reasonable medical benefits, including the surgery his doctor recommended; and (3) $2,000.00 in penalties and $3,000.00 in attorney fees, together with legal interest from the date of judicial demand for the Defendants' initial underpayment of benefits.

Guinn Oil asserts on appeal that the WCJ erred: (1) by finding that Mr. Strother suffered an injury on the job that qualified as an accident even though he could not identify an actual and identifiable precipitous event; (2) by finding that he proved, by a preponderance of the evidence, that he was injured, considering the evidence presented at trial proving his lack of credibility; (3) by finding that his claim was compensable under our Workers' Compensation laws; (4) by finding that he was entitled to benefits despite circumstantial and direct evidence that cast serious doubt on his version of his alleged accident and injuries; (5) by not finding that he forfeited his rights to benefits under La.R.S. 23:1208; and (6) by awarding him penalties and attorney fees. Mr. Strother answered Guinn Oil's appeal, contending that the WCJ should increase the award of penalties and attorney fees.

* * * * *

**INJURY**

Guinn Oil urges that Mr. Strother did not prove by a preponderance of the evidence that he sustained a work-related accident because in his statements to Montlake's insurance adjuster and his doctors following his accident he failed to identify a particular incident that caused the occurrence of his pain.

To obtain workers' compensation benefits, an employee must prove by a preponderance of the evidence that he suffered a personal injury because of an accident, arising out of and in the course of his employment.[1] We are to construe the Workers' Compensation Act liberally, but this does not relax the worker's burden of

---

[1]La.R.S. 23:1031.

proof.[2] This determination is a factual one; thus, we will not disturb the WCJ's finding unless we deem it to be clearly wrong or manifestly erroneous.[3]

The Act defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."[4]

Specifically, the WCJ in this case found: "Mr. Strother has proven by a preponderance of the evidence that he suffered an incident on his job during the course of his employment which qualifies as an accident under the Workers' Compensation Law." We agree.

When there is a dispute over the specific date and time of a claimant's accident, without the introduction of any evidence to illustrate the contrary, this lack of specificity will not render his account of the accident insufficient for the purposes of La.R.S. 23:1021(1).[5] Furthermore, the claimant is entitled to the benefit of a presumption if an otherwise healthy worker suffers an accident at work and, thereafter, he becomes disabled; we are to presume that there is a causal connection between the two when medical evidence establishes a reasonable possibility of such a connection.[6] When an employee establishes this presumption of a casual relationship, the employer has the burden of producing evidence to persuade the trier of fact that it is more probable than not that a work-related accident did not cause the plaintiff's injury.[7]

Mr. Strother has consistently related his back injury to his carrying of heavy wrenches and valves up and down ladders at work. Admittedly, there is some confusion over the exact time and date of his accident; nonetheless, the evidence

---

[2]See *Carter v. Wal-Mart Stores, Inc.*, 02-122 (La.App. 3 Cir. 6/26/02), 820 So.2d 1265, *writ denied,* 02-2074 (La. 11/1/02), 828 So.2d 573.

[3]See *Tate v. Cabot Corp.*, 01-1652 (La.App. 3 Cir. 7/3/02), 824 So.2d 456, *writ denied*, 02-2150 (La. 11/22/02), 829 So.2d 1044.

[4]La.R.S. 23:1021(1).

[5]*Tate,* 824 So.2d 456.

[6]*Allor v. Belden Corp.*, 393 So.2d 1233 (La.1981).

[7]*Rideaux v. Franklin Nursing Home,* 95-240 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, *writ denied*, 95-3093 (La. 2/16/96), 667 So.2d 1058.

clearly suggests that he sustained a work-related accident sometime during the last few days of his employment. Dr. Ghanta, who was his family doctor, confirmed that he never complained of back problems before this time. Yet, two weeks after Mr. Strother's last day on the job, Dr. Pope performed an MRI on him, revealing "a large extruded disc predominantly on the left side at L-5 and S-1 level" that "did produce some mass effect and some compression of the nerve root at that level." Moreover, every doctor who testified believed a work-related accident caused these injuries to his spine.

In light of this evidence, Mr. Strother clearly benefitted from a presumption that a work-related accident caused his injuries. Therefore, given Guinn Oil's failure to produce any evidence suggesting that anything else caused his injuries, the WCJ correctly determined that Mr. Strother sustained this injury to his spine while in the course and scope of his employment with Guinn Oil.

**FALSE STATEMENTS OR MISREPRESENTATIONS**

In spite of his entitlement to benefits, Guinn Oil believes Mr. Strother forfeited his right to them by making false statements.

Louisiana Revised Statutes 23:1208 provides, in part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.

This statute applies to any false statement or misrepresentation made by an employee, specifically, for the purpose of obtaining workers' compensation benefits.[8]

At trial, Mr. Strother testified that he told Montlake's claim adjuster that he had to climb up six flights of stairs, when he really only had to climb up three flights. In his reasons for judgment, the WCJ noted that Mr. Strother admitted that this was an

---

[8]*Nabors Drilling USA v. Davis*, 03-136 (La. 10/21/03), 857 So.2d 407.

exaggeration. In addition, there are other examples of his tendency to exaggerate, but they are all irrelevant.[9] "Exaggeration is a natural human failing."[10] Furthermore, Mr. Strother's initial inability to pinpoint the exact date and time of his work accident was not due to any sinister motive and, thus, was insignificant when viewed in light of the totality of the record.[11]

Therefore, we agree with the trial court that Mr. Strother never willfully made false statements that would disqualify him from receiving benefits.

**PENALTIES AND ATTORNEY'S FEES**

Both Guinn Oil and Mr. Strother dispute the WCJ's assessment of penalties and attorney fees.

The WCJ has great discretion when awarding attorney fees and penalties, and we will not disturb these awards unless they are clearly wrong.[12] Louisiana Revised Statutes 23:1201.2 provides, in part:

> Any employer or insurer who at any time *discontinues payment* of claims due and arising under this Chapter, when such discontinuance is found to be *arbitrary, capricious, or without probable cause*, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.

(Emphasis added.) An act is arbitrary and capricious when it is done willfully and without consideration of the facts and circumstances presented, or it is one based on an unfounded motivation.[13]

After his accident, Mr. Strother told Montlake's insurance adjuster that he hurt himself on November 21, 2001 at the Glade Branch site. However, some evidence suggested that he might have actually worked at another job site on that day, although

---

[9]*See Nelson v. Roadway Express, Inc.*, 588 So.2d 350 (La.1991).

[10]*Id.* at 354.

[11]*See Attaway v. Farley's Glass Co.*, 430 So.2d 705 (La.App. 2 Cir. 1983).

[12]*See George v. M & G Testing and Services, Inc.*, 95-31 (La.App. 3 Cir. 7/19/95), 663 So.2d 79, *writ denied*, 96-39 (La. 3/8/96), 669 So.2d 403.

[13]*Flagg v. Hixson Funeral Home*, 02-878 (La.App. 3 Cir. 2/5/03), 838 So.2d 174.

the Defense never proved that this was true. Nevertheless, even if this could be proved, any mix up concerning the exact date of its happening would not have affected our determination that a work-related accident caused Mr. Strother's injuries. Yet, given this confusion, Guinn Oil's discontinuance of benefits, on August 1, 2002, was not arbitrary or capricious; thus, it does not owe Mr. Strother attorney fees under La.R.S. 23:1201.2.

On the other hand, the WCJ correctly surmised that Guinn Oil owed Mr. Strother penalties and attorney fees for its failure to pay benefits under La.R.S. 23:1201, which provides, in part:

> F. *Failure to provide payment* in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
>
> (1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. . . .
>
> (2) This Subsection *shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control*.

(Emphasis added.) An employee is not entitled to penalties and attorney fees for the employer's failure to pay benefits timely when the employer or insurer reasonably controverted the employee's claim for benefits, or when the nonpayment resulted from conditions over which it had no control.[14] Thus, if the employer or insurer had a valid reason for its denial of benefits, the WCJ should assess neither penalties nor attorney fees under La.R.S. 23:1201.[15]

It is undisputed that, initially, Montlake paid Mr. Strother an incorrect amount in benefits due to the insurance adjuster's error in calculating Mr. Strother's wages. The WCJ can assess penalties and attorney fees for the underpayment of

---

[14]*Tate,* 824 So.2d 456; La.R.S. 23:1201(F)(2).

[15]*Id.*

7

compensation benefits when the employer or insurer does not offer proof that the error in calculation was beyond their control.[16] Since the Defendants offered no such proof, the underpayment of Mr. Strother's benefits was unjustified. As such, we affirm the WCJ's award of penalties and attorney fees.

In Mr. Strother's answer to Guinn Oil's appeal, he requests an additional award of attorney fees for the work done on appeal. A workers' compensation claimant is entitled to an increase in attorney fees to reflect the additional time incurred in defending an employer's unsuccessful appeal.[17] We award Mr. Strother $2,000.00 in attorney fees for the time his counsel spent preparing this appeal.

## CONCLUSION

We affirm the WCJ's determination that Mr. Strother sustained his spinal injuries in a work-related accident. We also affirm his award of penalties to Plaintiff/Appellee. Furthermore, we amend the WCJ's award of attorney fees to Plaintiff/Appellee to include an additional $2,000.00 for the work done on this appeal. We assess all costs of this appeal to the Defendants/Appellants.

**AFFIRMED AS AMENDED.**

---

[16]*Alexander v. B.F. Trappey & Sons*, 93-549 (La.App. 3 Cir. 3/9/94), 635 So.2d 269.

[17]*George v. Guillory*, 00-591(La.App. 3 Cir. 11/2/00), 776 So.2d 1200.