WILLIAMS, J.
 

 liThe claimant, Mary Johnson, appeals a judgment in favor of the defendants, Fre-senius Medical Care and CNA Insurance Company (“CNA”). The workers’ compensation judge (WCJ) sustained the defendants’ exception of res judicata, finding that all of the issues raised in the current claim had been previously adjudicated. For the following reasons, we affirm.
 

 FACTS
 

 In June 2003, the claimant injured her neck on the job while employed by Fresen-ius Medical Care d/b/a East Minden Dialysis Center. The claimant was treated by a neurosurgeon, Dr. Bernie McHugh, who performed an anterior cervical disc fusion at C5-6 in July 2004. In March 2005, Dr. McHugh released claimant to return to medium work duties. In October 2006, the claimant again saw Dr. McHugh with complaints of neck and shoulder pain. Then, at the employer’s request, claimant was examined by Dr. Karl Bilderback, an orthopedic surgeon, who opined that claimant had reached maximum medical improvement (MMI) from her cervical disc surgery and could return to work.
 

 Upon Dr. Bilderback’s recommendation, the claimant participated in a functional capacity evaluation (FCE) conducted by Dr. Don Smith, a neurosurgeon. The FCE results indicated that claimant could perform light duty work. In November 2006, the employer’s compensation insurer, CNA, assigned Dana Henry, a certified
 
 *188
 
 vocational counselor, to meet with the claimant and perform a vocational evaluation. In February 2007, Henry found several jobs available in claimant’s geographic community and | ¿submitted the job descriptions to Dr. Smith. After Dr. Smith approved the jobs as within claimant’s capabilities, Henry sent notice of the job openings to the claimant through her attorney. Three months later, Henry repeated this procedure and sent claimant notice of other available job openings. The claimant did not apply for any of the jobs until one month after receiving notice of the openings and did not return to work. CNA paid the claimant temporary total disability benefits of $42,664.58, plus medical expenses, from the date of the accident to February 15, 2007. At that time, CNA converted the compensation benefits to monthly supplemental earnings benefits (SEB). Those payments were later terminated.
 

 In May 2007, the claimant visited Dr. McHugh with complaints of increased neck, shoulder and low back pain. Dr. McHugh recommended a CT myelogram of claimant’s cervical and lumbar spine. CNA refused to approve the test based upon Dr. Smith’s opinion that claimant could return to work and the lack of evidence that her back pain was work-related. The claimant filed a disputed claim for compensation seeking approval of the medical treatment recommended by Dr. McHugh and reinstatement of SEB.
 

 In November 2007, the WCJ rendered judgment denying the claimant’s request for reinstatement of SEB. WCJ Varnado adopted the defendants’ post-trial memorandum as his reasons for judgment, finding that claimant had reached MMI of her work injury and that defendants had shown there were jobs available to claimant that would have paid at least 90% of her pre-accident wage. The claimant did not appeal the judgment, which became final in January 2008.
 

 | ^Subsequently, the claimant visited Dr. McHugh with complaints of increased pain in her neck and she underwent a cervical and lumbar myelogram. Dr. McHugh diagnosed claimant with chronic pain syndrome and recommended pain management. In March 2008, the claimant filed a disputed claim for workers’ compensation benefits alleging a recurrence of her previous work injury. The defendants filed a peremptory exception of res judicata and a motion for sanctions.
 

 After a hearing, the WCJ found that all of the issues raised in the present claim had been adjudicated by the prior November 2007 judgment of the Office of Workers’ Compensation. Subsequently, the WCJ rendered judgment sustaining the exception of res judicata, denying the motion for sanctions and dismissing the claim for compensation. The claimant appeals the judgment.
 

 DISCUSSION
 

 The claimant contends the WCJ erred in sustaining the exception of res judicata. Claimant argues that she is entitled to workers’ compensation benefits because her current neck pain is a recurrence of her prior work-related injury.
 

 A valid and final judgment is conclusive between the same parties except on appeal or other direct review. A judgment in favor of either party is conclusive in any subsequent action between them with respect to any issue actually litigated and determined. LSA-R.S. 13:4231. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal. LSA-R.S. 23:1310.8(E). Under LSA-R.S. 23:1310.8(B), a claimant \Acannot seek modification of an adverse judgment denying benefits because the statutory lan
 
 *189
 
 guage requires a prior award of compensation.
 
 Matthews v. Farley Industries,
 
 95-1387 (La.2/28/96), 668 So.2d 1144.
 

 In the present case, the WCJ’s November 2007 judgment denied claimant any further compensation benefits for the June 2003 work injury, implicitly finding that the claimant had reached maximum medical improvement and could perform certain light duty jobs that would have paid 90% of her pre-accident wage. The claimant did not appeal that judgment, which has become final. Pursuant to Section 1310.8(E), once the claimant’s rights of appeal were exhausted the judgment denying compensation benefits was res judicata and barred another claim for the same accident.
 

 Citing
 
 Carter v. Wal-Mart Stores, Inc.,
 
 02-122 (La.App. 3rd Cir.6/26/02), 820 So.2d 1265,
 
 unit denied,
 
 02-2074 (La.11/1/02), 828 So.2d 573, the claimant argues that her current neck pain is compensable as an aggravation of her prior work-related injury. However, the factual situation in
 
 Carter, supra,
 
 can be distinguished from that of the present case. Significantly, the
 
 Ca.rter
 
 case did not involve the issue of res judicata, since a prior judgment denying benefits had not been rendered. Additionally, in contrast to this case, the worker in
 
 Carter
 
 showed evidence of a second accident that aggravated his existing work-related injury.
 

 Here, the claimant’s present disputed claim for compensation alleges a disability due to a “recurrence” of the neck injury caused by the same June 2003 work accident that was the subject of the previous trial. In that prior proceeding, the issue of whether the claimant was entitled to further | .¡¡compensation benefits as a result of the June 2003 work injury was litigated between these same parties. Thus, the prior judgment denying workers’ compensation benefits is conclusive and bars the claimant’s present claim alleging a recurrence of the same non-compensable injury. Consequently, we cannot say the WCJ erred in sustaining the exception of res judicata and dismissing the claims of the claimant. The assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed to the claimant, Mary Johnson.
 

 AFFIRMED.