PEATROSS, J.
| Claimant, Willie Faye Fox, appeals the judgment of the workers’ compensation judge finding that her claim for workers’ compensation benefits was barred by res judicata and dismissing her claim with prejudice. For the reasons stated herein, we affirm in part, reverse in part and remand.

FACTS

On January 26,1996, Ms. Fox was working as a secretary for Defendant, Reynolds Industrial Contractors (“Reynolds”), when a hammer fell on her foot causing injury as she was moving boxes on which the hammer was resting. As a result of her injury, Ms. Fox received temporary total disability benefits through November 1, 1997, and then supplemental earnings benefits (“SEBs”) through September 30, 2001. On November 26, 2001, Reynolds filed a disputed claim under La. R.S. 23:1208 seeking forfeiture of any further benefits for alleged false statements and misrepresentations made by Ms. Fox in furtherance of a claim for benefits. On October 3, 2002, Ms. Fox filed a disputed claim for compensation seeking reinstatement of wage and medical benefits, docket # 01-08640. In addition, Ms. Fox also sought penalties and attorney fees. The disputed claims were consolidated and heard on July 30, 2003. Two years later, the workers’ compensation judge (“WCJ”) ordered forfeiture of any further benefits after September 30, 2001, due to fraud on the part of Ms. Fox and further denied Ms. Fox’s claim for penalties and attorney fees.
On appeal, this court reversed that portion of the judgment forfeiting benefits, awarded Ms. Fox SEBs of $150 per week for a period of six weeks and affirmed the denial of penalties and attorney fees. Reynolds Industrial Contractors v. Fox, 41,051 (La.App.2d Cir.6/28/06), 935 So.2d 783 (“Reynolds I”). No medicals were awarded by this court. Id.
After discussing the merits of the fraud determination in Reynolds I, not relevant herein, we explained the injury sustained by Ms. Fox. Dr. Kathleen Majors of Pain Management Consultants began treating Ms. Fox in February 1999 and diagnosed her injury as Reflexive Sympathetic Dystrophy (“RSD”). Dr. Majors was deposed in 2003 for purposes of the first disputed claim for compensation. A review of the unopposed medical testimony of Dr. Majors establishes that Ms. Fox experienced pain, swelling and difficulty walking on her right foot. According to Dr. Majors’ deposition testimony, these symptoms would sometimes improve, but the pain would “wax and wane” long after the injury would seem to have healed.
*898 Regarding this court’s determination in Reynolds I that the award to Ms. Fox would be limited in duration to six weeks, this court explained:
Dr. Majors’ deposition [of 2003] clearly establishes Fox’s ability to return to light duty sedentary employment with a minor foot restriction, initially at a part-time level for a four to six week period. Fox’s questionable credibility and the lack of proof of her inability to work full-time after the six week term precludes any additional award of benefits after the six week period. On this record, we therefore find that Fox has only established an inability to earn 90% of her pre-accident wages for a six week period.
Id. Our review of the deposition testimony of Dr. Majors supports a limitation of the award in Reynolds I to six weeks. Dr. Majors related her opinion that Ms. Fox would always be limited to sedentary work and that it was her recommendation that she begin part-time, four to six hours per day, |swith her foot propped up approximately six inches while she worked. Dr. Majors then reiterated a notation from her report that she would then reevaluate Ms. Fox’s work restrictions after a four to six-week period. In this regard, the majority in Reynolds I pointed out, in footnote six of the opinion, that “Fox is not barred from seeking a modification of this award for prospective benefits due to any relevant change in her condition,” citing La. R.S. 28:1310.8, infra, and Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517.
On July 12, 2007, through new counsel, Ms. Fox filed a second disputed claim for compensation under a new docket number, # 07-05431, based on the same injury. In response, Reynolds filed peremptory exceptions of prescription and res judicata, which were heard on April 18, 2008. In support of its exception of res judicata, Reynolds argued that (1) the denial of medical benefits by this court was clearly res judicata and (2) this court’s award of six weeks of SEBs had become a final judgment as no writs were taken to the supreme court. It further asserted that the elements of res judicata based on La. R.S. 13:4231 were satisfied and that all issues and claims contained in the second dispute were identical to those raised in the prior disputed claim for compensation previously adjudicated. In addition, Reynolds focused on the unfavorable credibility determination of the majority regarding Ms. Fox’s testimony in Reynolds I, arguing that this court’s limitation of benefits to six weeks was, in fact, a denial of any other benefits for this injury.
|4Ms. Fox countered by arguing that, historically, res judicata has not been applied in the workers’ compensation setting and alternatively asserted that the current claim was not identical to the prior claim from 2001 because she was now seeking medical and indemnity benefits (plus attorney fees and penalties) for a different time period of disability, i.e., benefits for continuing disability after the date of trial in 2003. In addition, in her memorandum opposing the exceptions, Ms. Fox relied heavily on this court’s statement in footnote six of Reynolds I, supra, wherein the court mentions the right of a claimant to modification of an award under La. R.S. 23:1310.8, which provides as follows:
A. (1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. *899 23:1123; however, upon petition filed by the employer or insurance carrier and the injured employee or other person entitled to compensation under the Worker’s Compensation Act, a workers’ compensation judge shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers’ compensation cases.
(2) The workers’ compensation judge may have a full hearing on the petition, and take testimony of physicians and others relating to the permanency or probable permanency of the injury, and take such other testimony relevant to the subject matter of such petition as the workers’ compensation judge may require. The workers’ compensation judge may consider such petition and dismiss the same without a hearing if in his judgment the same shall not be set for a hearing.
(3) The expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the Rfinal award. If the workers’ compensation judge decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the workers’ compensation judge may make an award that shall be final as to the rights of all parties to said petition and thereafter the workers’ compensation judge shall have no jurisdiction over any claim for the injury or any results arising from same. If the workers’ compensation judge should decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the workers’ compensation judge shall have the same jurisdiction over the matter as if said petition had not been filed.

B. Upon the application of any party in interest, on the yround of a chanye in conditions, the workers’ compensation judye may, atter a contradictory heariny, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

C. This Section shall not apply to the calculation of the monthly benefit amount pursuant to R.S. 23:1221(3).
D. A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
E. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.
F. An award of temporary total disability benefits may be modified by the filing of a motion for modification with the same court that awarded the benefits and under the same caption and docket number without the necessity of filing a new dispute and appearing at a mediation conference. The court shall expedite the hearing on the modification proceedings in accordance with the procedure established in R.S. 23:1124(B). (Emphasis added.)
The WCJ took the exceptions under advisement and trial in the matter was set for July 8, 2008. In the interim, on June 24, 2008, counsel for Ms. Fox deposed Dr. Majors a second time. Dr. Majors testified that RMS. Fox’s condition had remained “unchanged” from the time of the *900 previous deposition in 2003, but that Ms. Fox continued to be on sedentary work restrictions and in pain management therapy due to her continued disability resulting from the 1996 work-related injury. Dr. Majors testified that “[Ms. Fox] still takes pretty much the same medication” and that “her condition basically is unchanged.” Dr. Majors agreed, however, that it was “a change” from her previous testimony that the extent of Ms. Fox’s disability had now increased to more than five years as opposed to the initial six-week restrictive period. She further testified that it her opinion at the time of this second deposition was that the restrictions to sedentary work would be permanent in nature.
In her pre-trial brief, Ms. Fox then cited Dr. Majors’ 2008 deposition testimony (which had not yet been filed in the record), in support of her argument that she was entitled to a modification of the six-week award of this court in Reynolds I due to a change in condition under section 1310.8. She asserted that the duration of her incapacity was now deemed to be permanent as opposed to the six-week trial period initially recommended by Dr. Majors and which formed the basis for the award in Reynolds I. Soon thereafter, Ms. Fox filed a motion to consolidate the two suit records (# 01-08640, Reynolds I, and # 07-05431, the current suit) and trial was ultimately reset for August 5, 2008.[1] On that date, the WCJ granted the motion to consolidate and sustained the exception of res judicata. The WCJ did not 17rule on the exception of prescription, finding it moot in light of his ruling that the claim was barred by res judicata. Immediately following the oral ruling, the June 2008 deposition of Dr. Majors was admitted into evidence, unopposed, as an attachment to Ms. Fox’s motion to consolidate.
Ms. Fox now appeals the judgment sustaining the exception of res judicata relying on the language in footnote six of Reynolds I and the testimony of Dr. Majors regarding the extension of the duration of her disability.[2]

DISCUSSION

The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled. Hines v. Smith, 44,-285 (La.App.2d Cir.8/12/09), 16 So.3d 1234, writ denied, 09-2001 (La.12/11/09), 23 So.3d 922. The standard of review of a *901 ruling sustaining an exception of res judi-cata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties. Id., citing State ex rel. Murphy v. Haren, 42,098 (La.App.2d Cir.5/16/07), 957 So.2d 869, unit denied, 07-1285 (La.9/21/07), 964 So.2d 345; Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993.

Medical Benefits

A valid and final judgment is conclusive between the same parties except on appeal or other direct review. Johnson v. Fresenius Medical Care, 43,-952 (La.App.2d Cir.2/4/09), 4 So.3d 187. A judgment in favor of either party is conclusive in any subsequent action between them with respect to any issue actually litigated and determined. La. R.S. 13:4231. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal. La. R.S. 23:1310.8(E). Under La. R.S. 23:1310.8(B), a claimant cannot seek modification of an adverse judgment denying benefits because the statutory language requires a prior award of compensation. Johnson v. Fresenius Medical Care, supra, citing Matthews v. Farley Industries, 95-1387 (La.2/28/96), 668 So.2d 1144. Accordingly, we find that the judgment of this court in Reynolds I, from which appeal rights have been exhausted, precludes the current claim for medical benefits under the doctrine of res judicata. See Gardache v. City of New Orleans Police Dept., 07-2496 (La.3/24/08), 977 So.2d 891.

Indemnity Benefits

The claim for indemnity benefits is a more difficult question. Section 1310.8(B) expressly provides for the right of a party to seek modification of a compensation award on the grounds of a change in condition. In Jackson v. Iberia Parish, supra, the supreme court explained that “the modification statute is to be liberally construed in favor of the claimant, and ... through |9it, the Legislature did not intend that a judgment determining the extent of a claimant’s disability be res judicata. ...” In that case, the supreme court held that Jackson’s claim to modify a previous compensation award was not barred by res judicata even where that judgment had determined that Jackson’s disability had ceased prior to trial and where the judgment had been satisfied. Following a thorough review of the jurisprudence leading up to its decision in Jackson, the supreme court explained:
Moreover, inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Indeed, the issue of Jackson’s disability at the time of trial was amply litigated. Jackson’s original judgment fixed the duration of his disability at the date of its rendition and is therefore res judica-ta as to that time. However, the cause of action for modification of the prior award requires litigation of Jackson’s present disability status and its relation to the prior work-related injury, and that cause of action did not exist at the time of the first adjudication. Consequently, since the issue of Jackson’s present disability neither existed nor was litigated in the original trial, Jackson’s petition for modification cannot be barred by res judicata.
Additionally, we have previously recognized that the principles of res judicata “are not ironclad, but must be applied to accomplish justice in the light of public policy.” Consequently, when determining whether Jackson’s present petition for modification is barred by the exception of res judicata such a determination must be made with the recognition that *902 the Legislature, through LSA-R.S. 23:1310.8 B, has taken affirmative steps to provide claimants with a cause of action to modify a prior award of compensation due to an alleged change in condition. The policy behind this decision was recognized in Harris [Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469 (1938) ], supra: “In short, medical science in certain cases cannot state exactly what is the extent or duration of disability or incapacity, and if the judgment erroneously awards either too much or not enough compensation, the Legislature afforded the aggrieved party an opportunity ... to have the error corrected.” Applying these principles to accomplish justice in light of the policy inherent in the Legislature’s decision to enact LSA-R.S. 23:1310.8 B, we find that Jackson’s petition for | inmodification is not barred by res judicata. Whether Jackson can carry his burden of proving a change in condition at trial on the merits, however, is an issue that is not before us, and we therefore make no determination in that regard. (Internal citations omitted.)
In the present case, this court rendered judgment awarding Ms. Fox compensation benefits in the amount of $150 per week for a period of six weeks. We note that this court concurred with the WCJ’s finding that Ms. Fox lacked credibility as to the extent of her then current condition and disability. This court’s award was based in part on that credibility determination and on the testimony of Dr. Majors, who opined that Ms. Fox could return to work on a part-time basis performing sedentary work for a trial period of four to six weeks. Dr. Majors testified that she would then reevaluate Ms. Fox to determine her work capabilities.
At the hearing on the exception of res judicata, counsel for Ms. Fox argued to the WCJ that Ms. Fox was seeking benefits for “anything arising the day after the trial was over in 2003.” Counsel also noted that “[tjhere’s no record on what [Ms. Fox’s] medical condition was the week after trial in the middle of 2003.” We find that this request for modification is of the type contemplated by section 1310.8, as noted in footnote six of Reynolds I. We, therefore, hold that Ms. Fox’s claim for compensation benefits for the period of time after trial of her first claim and subsequent to satisfaction of the six-week compensation award, or, stated another way, her request to modify the prior compensation award of this court grounded on an alleged change of condition, is not barred by res judicata. Rather, it is this statutory right to which this court referred in footnote six of Reynolds I and under \u Jackson, supra. Accordingly, we find that the WCJ was clearly wrong in sustaining the exception of res judicata. Significantly, however, as in Jackson, our review in the case sub judice is limited to the propriety of the ruling on res judicata. We make no determination of whether or not Ms. Fox could carry her burden of proving a change in condition based on an extended duration of disability at a trial on the merits, should the case proceed.

Prescription

As previously stated, the WCJ did not rule on Reynolds’ exception of prescription in light of its ruling that the action was barred by res judicata. Accordingly, we remand the matter back to the Office of Workers’ Compensation to determine whether or not the modification claim of Ms. Fox is prescribed.

CONCLUSION

For the foregoing reasons, the judgment of the WCJ sustaining Reynolds Industrial Contractors’ exception of res judicata is affirmed as to the claim of Willie Faye Fox *903 for modification of medical expense benefits. The judgment sustaining the exception of res judicata is reversed as to Ms. Fox’s claim for modification of indemnity benefits. The matter is remanded for consideration of the exception of prescription as it relates to the claim for indemnity benefits. Costs are assessed equally to the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BROWN, C.J., concurs in part and dissents in part with written reasons.

. At this juncture, we note that, while Ms. Fox filed a second disputed claim for compensation benefits rather than a motion or request for modification of the prior compensation award as provided in section 1310.8, courts have traditionally treated second suit filings such as this as requests for modification. See Matherne v. Gold Crest Cleaners, Inc., 486 So.2d 943 (La.App. 1st Cir.1986).

. It is unclear from the record whether or not the WCJ considered the testimony in Dr. Majors' second (2008) deposition in ruling on the exception of res judicata. The deposition had not yet been conducted at the time of the hearing on the exceptions in April 2008, and there is no reference thereto in the WCJ’s oral reasons for judgment on the exceptions which were given at the conclusion of the August 5, 2008 hearing on the motion to consolidate. Furthermore, as stated, the deposition was entered into evidence as an attachment to the motion to consolidate on August 5, 2008, after tire WCJ gave his oral reasons. The transcript of the August 5, 2008 hearing on the motion to consolidate and ruling on the exception of res judicata indicates that there was some previous "off the record” discussion among counsel and the WCJ regarding the 2008 deposition of Dr. Majors; however, since it was not in evidence prior to the WCJ ruling, we will not consider the testimony of Dr. Majors in the 2008 deposition in reviewing the judgment sustaining the exception of res judicata.