CARAWAY, J.
 

 1, Claimant in this workers’ compensation suit appeals the decision of the workers’ compensation judge (WCJ) sustaining the defendant’s exception of
 
 res judicata,
 
 finding that all issues raised in the current claim had been previously adjudicated. For the following reasons, we affirm.
 

 Facts
 

 The work-related accidents and injuries now asserted are the same as addressed by this Court’s prior decision in
 
 Frye v. Olan Mills,
 
 44,192 (La.App.2d Cir.4/8/09), 7 So.3d 201 (hereinafter
 
 “Frye
 
 J”). Despite the fact that claimant, Judith Frye (“Frye”), suffered work-related injuries to her foot in 2001 and her hand in 2004, the court in
 
 Frye I
 
 found that both of these injures were appropriately treated and thereafter completely resolved. Accordingly, the court held that Frye was not entitled to any further indemnity or medical benefits as a result of the two work-related accidents.
 
 [1]
 
 After the decision of this court became final, Frye attempted to file two additional disputed claims for compensation with the Office of Workers’ Compensation (OWC) regarding the same accidents and injuries litigated in
 
 Frye I.
 

 In response to these filings, Olan Mills answered and motioned the court to dismiss further claims on the basis of
 
 res judicata,
 
 contending Frye had already received judgment denying her claims. By judgment dated September 14, 2009, the WCJ sustained defendant’s first filed exception of
 
 12res judicata
 
 and dismissed the disputed claims with prejudice. Frye did not appeal this judgment. Instead, she continued to file numerous, additional disputed claims for compensation with the OWC. Frye also filed a motion to recuse the presiding WCJ. This motion was denied on December 3, 2009 by a judgment which assessed Frye with $250 in attorney’s fees for the filing of a frivolous pleading. In response to additionally filed disputed claims by Frye, Olan Mills filed a second exception of
 
 res judicata,
 
 which was sustained by the WCJ on February 11, 2010. Sanctions were once again assessed against Frye in the amount of $1,500 for the filing of a frivolous pleading. It is from this judgment that Frye now appeals. In her
 
 pro se
 
 brief, Frye argues that she continues to suffer from debilitating conditions arising from the two accidents occurring in 2001 and 2004 and that further compensation is needed for her medical expenses.
 

 Discussion
 

 Frye contends the WCJ erred in sustaining the defendant’s exception of
 
 res judicata.
 
 The law of
 
 res judicata
 
 in Louisiana is set forth in La. R.S. 13:4231, which provides as follows:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence
 
 *1157
 
 that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 |s(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 Under the law of workers’ compensation, “[a] judgment denying benefits is
 
 res judi-cata
 
 after the claimant has exhausted his rights of appeal.” La. R.S. 28:1310.8(E). Under La. R.S. 23:1310.8(B), a claimant cannot seek modification of an adverse judgment denying benefits because the statutory language requires a prior award of compensation.
 
 Matthews v. Farley Industries,
 
 95-1387 (La.2/28/96), 668 So.2d 1144;
 
 Johnson v. Fresenius Medical Care,
 
 43, 952 (La.App.2d Cir.2/4/09), 4 So.3d 187.
 

 In
 
 Johnson v. Fresnius Medical Care, supra,
 
 the claimant, who was originally denied reinstatement of benefits for a work-related injury, filed a subsequent disputed claim seeking workers’ compensation benefits for the recurrence of her previous work injury. This court stated:
 

 In that prior proceeding, the issue of whether the claimant was entitled to further compensation benefits as a result of the June 2003 work injury was litigated between the parties. Thus, the prior judgment denying workers’ compensation benefits is conclusive and bars the claimant’s present claim alleging a recurrence of the same non-compensable injury. Consequently, we cannot say the WCJ erred in sustaining the exception of res judicata and dismissing the claims of the claimant.
 

 In the present case, the WCJ denied claimant any further compensation benefits for the 2001 and the 2004 work injuries by judgment dated December 3, 2007. That decision was later affirmed by this court in
 
 Frye I.
 
 The claimant did not further appeal that judgment, which became final. Pursuant to La. R.S. 23:1310.8(E), once the claimant’s rights of appeal were exhausted the judgment denying compensation benefits was
 
 res
 
 |
 
 judicata
 
 and barred another claim for the same accident. Thus, the defendant’s exception of
 
 res judicata
 
 dismissing all claims with prejudice was properly granted.
 

 In its appeal, defendant requests that Frye be assessed with sanctions for the filing of a frivolous appeal under La. C.C.P. art. 2164. However, a proper method for requesting damages for frivolous appeal is through an answer to the appeal. Official Revision Comment (a) to La. C.C.P. art. 2133;
 
 State in Interest of Muse v. Ross,
 
 26,554 (La.App.2d Cir.3/1/95), 651 So.2d 364. Defendant filed no answer and thus may not seek damages or attorney’s fees for frivolous appeal.
 
 [2]
 

 Conclusion
 

 For the foregoing reasons, the judgment appealed is affirmed. Costs of this appeal are assessed to the plaintiff, Judith Frye.
 

 AFFIRMED.
 

 
 *1158
 
 APPLICATION FOR REHEARING
 

 Before WILLIAMS, GASKINS, CARAWAY, PEATROSS and MOORE, JJ.
 

 Rehearing denied.
 

 [1]
 

 . Apparently Frye received medical and indemnity benefits immediately after each of the two work-related accidents before filing individual disputed work claims with the Office of Workers' Compensation.
 

 [2]
 

 . Defendant additionally requests that Frye be held in direct contempt of court for the use of insulting and discourteous language in her brief. Ms. Frye is a
 
 pro se
 
 litigant and unrepresented by counsel. Although certain statements are discourteous, we choose to caution her against any further use of such comments in filings before this court.