# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1007


## LECHIA BAKER

## VERSUS

## SUMMIT NURSING HOME


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 0820580
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Michael D. Bass
Guglielmo, Lopez
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant Appellee:
Summit Nursing Home

Lechia Baker
In Proper Person
P. O. Box 141
LeCompte, LA 71346
Counsel for Plaintiff Appellant:
Lechia Baker

**SAUNDERS, Judge.**

This is a workers' compensation case where the employee, after the employee's counsel appropriately withdrew, failed to attend the mandatory pre-trial conference. As a result, the workers' compensation judge set a contradictory hearing to determine whether to dismiss the employee's claim. After the employee failed to attend the contradictory hearing, the workers' compensation judge dismissed the employee's claim, without prejudice, and allowed the employee thirty days to reinstate her claim for good cause shown. Rather than attempt to reinstate the claim, the employee filed this appeal. Under La.R.S. 23:1310.1(C) and Louisiana Administrative Code, Title 40, Part I, Chapter 57, § 5705, we find no error in the workers' compensation judge's judgment and affirm.

**FACTS AND PROCEDURAL HISTORY:**

Lecia Baker (Baker) filed a claim for workers' compensation benefits via a disputed claim for compensation, Form LDOL-WC-1008, against Summit Nursing Home (Summit) on August 21, 2008. At the time, she was represented by counsel.

After filing Form LDOL-WC-1008, a telephone status conference was conducted on October 23, 2008. The workers' compensation court provided counsel for both parties with a date for mandatory pre-trial mediation conference and a date for trial.

Baker's counsel later filed a motion to withdraw from representing her. In that motion, counsel specifically acknowledged receiving notice of the pre-trial mediation date, April 24, 2009. Baker's counsel further indicated in the certificate of service that he had forwarded to Baker, at her current address, the motion to withdraw and pre-trial mediation date.

Baker failed to attend the pre-trial conference on April, 24, 2009. The

Workers' Compensation Judge (WCJ) then set a contradictory hearing to determine whether Baker's claim should be dismissed based on her failure to appear and participate at the pre-trial mediation conference.

The contradictory hearing was set for June 15, 2009. Despite receiving notice of the hearing, Baker did not attend. As a result, the WCJ dismissed her claim without prejudice, and allowed Baker thirty days to reinstate her claim for good cause shown.

Baker never sought to reinstate her claim within the thirty days allowed. Rather, she filed this devolutive appeal. In her brief, Baker failed to list any assignments of error. Instead, Baker's brief is a recitation of the facts dealing with the alleged merits of her claim against Summit.

**DISCUSSION OF THE MERITS:**

Baker has failed to properly construct a brief that names any assignments of error in the WCJ's judgment. Instead, Baker argues the merits of her claim, which was never adjudicated by the WCJ, as she failed to reach that point in the proceedings. Accordingly, the only possible ground for appeal is that Baker's case was improperly dismissed. Given that Baker is representing herself in this appeal, in an abundance of caution and in the interest of justice, we will conduct a general review of the WCJ's judgment dismissing her case.

Louisiana Revised Statutes 23:1310.1(C) states the following:

The director [of the Office of Workers Compensation] shall have the authority to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act. All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law.

2

Under the authority granted by La.R.S. 23:1310.1, the Louisiana Administrative Code, Title 40, Part I, Chapter 57, § 5705, entitled "Abandonment" was promulgated, the text of which follows:

A.   A claim may be dismissed at the judge's discretion after contradictory hearing properly noticed by the court for lack of prosecution for the following reasons:

. . . .

4.   Where a party fails to appear for a properly noticed conference;

C.   Dismissal under this Rule shall be without prejudice. Any order of dismissal shall allow for reinstatement of the action within thirty (30) days for good cause shown.

In the case before us, the record indicates that Baker was given notice of the mandatory pre-trial mediation conference. Baker's counsel, in his motion to withdraw, acknowledged receiving notice of the conference and relaying that information to his client. These actions by counsel for Baker adhered to Louisiana Administrative Code Title 40, Part I, Chapter 55, Subchapter I, § 5547(A), which states:

A.   When an attorney seeks to obtain an ex parte order to withdraw as counsel for a party, he shall include in his application the last known address of the claimant along with a statement that he has given written notice to the party he was previously representing that he is no longer of counsel to him and of the status of the case on the court's docket. The attorney shall certify to the court that he has given notice to all counsel of record at the same time and in the same manner as notification to the court. A copy of such written notice and certification shall be attached to the application for the ex parte order for withdrawal. An attorney who has been permitted by ex parte order to withdraw shall give notice of same to all parties.

Despite receiving this notice, Baker failed to participate in or attend the pre-trial mediation conference. Under Louisiana Administrative Code, Title 40, Part I, Chapter 57, § 5705(A), the WCJ was within his discretion to set the contradictory

3

hearing regarding whether to dismiss Baker's claim. When Baker failed to attend that contradictory hearing, the WCJ, as is within his discretion, dismissed her claim without prejudice, allowing her to reinstate the claim within thirty days for good cause shown. The record shows that Baker never took any steps to reinstate her case within the thirty days granted by the WCJ. Accordingly, we find no error by the WCJ in dismissing Baker's claim against Summit.

**CONCLUSION:**

Baker took this devolutive appeal to the WCJ dismissing her claim against Summit. In brief, Baker did not list any assignments of error, nor did she argue that the WCJ was improper in dismissing her claim. Rather, Baker argued the merits of her claim for entitlement to workers' compensation benefits. Given that Baker represented herself, we conducted a general review of the WCJ's judgment dismissing her claim. We found no error in the judgment. Thus, we affirm the WCJ's judgment and assess all costs of this appeal to Baker.

**AFFIRMED.**