WILLIAMS, J.
|,The claimant, Willie Faye Fox, appeals a summary judgment granted in favor of the defendant, Reynolds Industrial Contractors (“Reynolds”). The judgment, in the alternative, also granted the defendant’s exception of no cause of action. The defendant appeals the denial of its exception of prescription. For the following reasons, we reverse the judgment granting defendant’s exception of no cause of action or alternatively, motion for summary judgment, affirm the judgment denying the defendant’s exception of prescription and remand.
FACTS
In January 1996, the claimant was injured while working as a secretary for the defendant, Reynolds. The defendant paid the claimant temporary total disability benefits until November 1, 1997, and supplemental earnings benefits (“SEB”) through September 30, 2001, when all benefits were terminated. The employer and claimant then filed disputed claims for compensation that were consolidated for hearing in July 2003. Two years later, the workers’ compensation judge (“WCJ”) rendered judgment denying claimant any further benefits. On appeal, this court reversed that part of the judgment denying benefits and awarded SEB of $150 per week for six weeks. Reynolds Industrial Contractors v. Fox, 41,051 (La.App.2d Cir.6/28/06), 935 So.2d 783.
In July 2007, claimant filed another claim for compensation seeking medical treatment and wage benefits. The defendant filed exceptions of prescription and res judicata. After a hearing, the WCJ granted defendant’s exception of res judi-cata and declined to rule on the prescription issue. On | ^appeal, this court affirmed that part of the judgment granting res judicata as to medical benefits, but found that res judicata did not apply to the modification of indemnity benefits. This court remanded the matter for determination of the prescription issue. Fox v. Reynolds Industrial Contractors, 44,938 (La.App.2d Cir.1/27/10), 33 So.3d 895. On remand, the WCJ denied the exception of prescription.
The defendant then filed an exception of no cause of action or alternatively, a motion for summary judgment. At the hearing, the WCJ stated that granting summary judgment would avoid a trial and be the “easiest way” to have the issue resolved. The WCJ rendered judgment granting the exception of no cause of action or alternatively, granting summary judgment in favor of the defendant. The claimant appeals the judgment. Defendant appeals the denial of the exception of prescription.
DISCUSSION
The claimant contends the WCJ erred in granting the exception of no cause of action. Claimant argues that her claim for additional SEB based on a change in her medical condition stated a valid cause of action to modify the previous award of indemnity benefits.
The function of the exception of no cause of action is to test the sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. The court reviews the petition and accepts well-pleaded allegations of fact as true. Wright v. Louisiana Power & Light, 06-1181 (La.3/9/07), 951 So.2d 1058. The burden of demonstrating that the petition states no cause of action is upon the mover. Appellate courts ^conduct a de novo review because the exception raises a question of law. Wright, supra. Upon the application of any party in interest, on the ground of a change in conditions, the WCJ may review any award and on such review, may make an award ending, dimin *1143 ishing or increasing the compensation previously awarded. LSA-R.S. 23:1310.8(B).
In this case, the parties do not dispute that in July 2007, the claimant filed a claim for additional SEB, thereby seeking to modify the previous award of benefits made by this court in Reynolds, supra. Thus, under Section 1310.8(B), the claimant stated a cause of action to modify the prior award of compensation on the grounds of an alleged change in conditions, as this court found in Fox, supra. Consequently, the WCJ erred in granting the defendant’s exception of no cause of action.

Prescription

The defendant contends the WCJ erred in denying its exception of prescription. Defendant argues that claimant’s action has prescribed because her second claim for compensation was filed more than one year after this court’s decision awarding claimant benefits on June 28, 2006.
LSA-R.S. 23:1310.8(D) provides that a claim to modify a judgment awarding benefits shall be subject to the prescriptive periods of LSA-R.S. 23:1209. Workers’ compensation claims are barred unless filed within one year from the last payment of compensation benefits for total disability and three years for SEB payments. LSA-R.S. 23:1209(A)(2). Prescription statutes, including the statute applicable to workers’ compensation claims, are construed in favor of maintaining rather than barring actions. Reinhardt v. City of New Orleans (NOPD), 09-1116 (La.App.4th Cir.1/13/10), 30 So.3d 229. The purpose of the workers’ compensation modification statute is to allow adjustments to be made after judgment to ensure that the claimant will be paid compensation during the full period of her disability and that the employer will not be required to pay for any longer than this disability period. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399.
The defendant contends in its appellate brief that under Section 1310.8(D), which refers to the prescriptive limits of Section 1209, claimant was required to file her claim for modification within one year of this court’s decision in Reynolds, supra, rendered June 28, 2006. However, Section 1209(A)(2) expressly provides a three-year limitation period for claims involving SEB. In Reynolds, supra, this court awarded payment of SEB. Thus, the three-year limitation period of Section 1209(A)(2) is applicable to claimant’s petition to modify the prior award of SEB. Consequently, the claim for modification filed by claimant in July 2007 was timely. The defendant’s assignment of error lacks merit.

Summary Judgment

The claimant contends the WCJ erred in granting summary judgment. Claimant argues that although benefits were not paid for more than two years, the issue of whether SEB were payable remains a genuine issue of material fact precluding summary judgment.
Louisiana workers’ compensation law provides that an employee who suffers a workplace injury and becomes unable to earn 90% of her prejinjury6 wage is entitled to receive SEB. LSA-R.S. 23:1221(3)(a); Dufrene v. Video Co-Op, 02-1147 (La.4/9/03), 843 So.2d 1066. The right to SEB shall not exceed a maximum of 520 weeks, but such benefits shall terminate as of the end of any two-year period commencing after termination of temporary total disability (“TTD”), unless SEB were payable during at least thirteen consecutive weeks of that time period. LSA-R.S. 23:1221(3)(d)(i).
In the present case, defendant asserts that the claimant’s right to SEB has terminated because this court’s award of six weeks of SEB was in effect a denial of any *1144 additional benefits for this injury. However, that assertion is not consistent with this court’s determination in Reynolds that the claimant could seek a modification of the award due to a change in her condition, citing Section 1310.8.
The defendant also contends this court’s award of SEB to claimant “ended” in mid-October 2000, so that by the time of trial in July 2003, two years had passed without SEB having been payable. However, the statutory language does not support defendant’s computation of the two-year period. Section 1221(3)(d)(i) terminates SEB at the end of any two-year period commencing after the last TTD payment, which was November 1, 1997, unless thirteen consecutive weeks of SEB were payable. As a result, in this case the initial two-year period was November 1997 to November 1999 and the next was November 1999 to November 2001. Because SEB were paid through September 2001, the relevant two-year period in this case is November 2001 through November 2003.
Thus, contrary to the defendant’s contention, the claimant’s eligibility | fifor SEB did not terminate in July 2003, as there were still approximately four months remaining in the applicable two-year period. As this court noted in Fox, supra, the claimant obtained a second deposition of Dr. Kathleen Majors indicating that the claimant’s incapacity was permanent rather than temporary, as originally thought by the doctor. Based upon this record, a genuine issue of material fact exists as to whether the claimant’s condition has changed such that SEB were payable for thirteen consecutive weeks during the period from July through November 2003. Consequently, the WCJ erred in granting summary judgment. Accordingly, we shall remand this matter for trial on the issue of whether claimant is entitled to a modification of the prior award of benefits.
CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation (“OWC”) granting defendant’s exception of no cause of action or alternatively, motion for summary judgment, is reversed. The OWC judgment denying the defendant’s exception of prescription is affirmed. This matter is remanded to the OWC for trial on the issue of whether claimant is entitled to a modification of the award of benefits. All costs incurred in the OWC and on appeal are assessed to the defendant, Reynolds Industrial Contractors.
JUDGMENT GRANTING SUMMARY JUDGMENT, OR ALTERNATIVELY, EXCEPTION OF NO CAUSE OF ACTION REVERSED; JUDGMENT DENYING EXCEPTION OF PRESCRIPTION AFFIRMED; REMANDED.