McDonald, j.
|2In this workers’ compensation case Air Products and Chemicals, Inc. (Air Products), appeals a judgment of the Office of Workers’ Compensation (OWC) in favor of *907 claimant, Peter Albert.[1] For the reasons that follow, we affirm.
Mr. Albert was employed at Air Products as a lead operator. He asserted he injured his shoulder and neck on January 7, 2010, when lifting a gear bag onto a company pickup truck for a work-related trip to Texas for training. The next day. he reported the injury to his supervisor and was treated at a U.S. Health Works Medical Group office in Texas. He did have a previous injury to the left shoulder. After returning to Baton Rouge, Mr. Albert underwent testing and treatment. He was unable to return to his job and received short term disability payments for several months from MetLife.
On July 7, 2010, Mr. Albert filed a disputed claim for compensation, asserting that no wage benefits had been paid, no medical treatment had been authorized, and asking for penalties, attorney’s fees, and legal interest. After a trial, the OWC ruled in favor of Mr. Albert, finding that he sustained a left shoulder and cervical injury on January 7, 2010, in the course and scope of employment. The OWC awarded future medical expenses related to treatment of the specified injury, ordered vocational rehabilitation, specified that no penalties or attorney’s fees would be awarded, and provided for legal interest on the monies owed. The judgment further provided:
2. Indemnity: Temporary Total Disability Benefits were awarded from January 12, 2010, to April 5, 2010, or 12 weeks. However, an ojfset was awarded for the receipt of Short Term Disability payments. This offset will apply to the aforementioned award of Temporary Total Disability Benefits and any future|a:indemnity until satisfied. No award of back-due indemnity was granted based on the finding that claimant failed to prove by clear and convincing evidence an entitlement to Supplemental Earnings Benefits after April 5, 2010. Wage records indicate an Average Weekly Wage of $U11.98 and the corresponding maximum indemnity rate of $577.
Air Products appealed that judgment, and asserts that the OWC: 1) committed legal error in determining that Mr. Albert was entitled to vocational rehabilitation services; 2) committed manifest error in ailing that Mr. Albert sustained an injury by an unwitnessed accident in the course of his employment, where the evidence discredits and casts serious doubt upon his version of the incident and his version is not corroborated by the circumstances following the alleged accident; and 3) committed manifest error in ruling that Mr. Albert’s cervical spine was affected in his unwitnessed accident and awarding future medical benefits for that body part.
On August 14, 2012, this court issued a show cause order, noting that the amount of the offset was not specified in the judgment, and questioning whether, the judgment was a valid judgment. In response, Air Products argues that as no indemnity benefits were awarded, no applicable offset was specified, and that as Mr. Albert did not challenge the denial of indemnity benefits, there is no need to address the issue of an offset. We agree, finding that the judgment is final and appealable. Thus, *908 the show cause order is dismissed, and the appeal is maintained.
THE MOTION TO SUPPLEMENT THE RECORD
Mr. Albert filed a motion to supplement the record with the OWC’s oral reasons for judgment. However, shortly after his motion was filed, the record was supplemented with the transcript of the OWC’s oral reasons for judgment. Therefore, the motion to supplement the record is denied as moot.
|4THE standard of review
Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Allman v. Washington Parish Police Jury, 04-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. A coui’t of appeal may not set aside a hearing officer’s finding of fact in absence of “manifest error” or unless it is “clearly wrong.” McCray v. Delta Industries, Inc., 00-1694, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. If the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Air Products argues in its second and third assignments of error that the OWC manifestly erred in finding that Mr. Albert was injured in the course and scope of his employment and that the OWC erred in finding that Mr. Albert’s cervical spine was affected by this unwitnessed accident and awarding future medical expenses for that body part. In making its decision, the OWC found that there was medical evidence in the record that corroborated Mr. Albert’s version of events. Further, the OWC determined that the left shoulder and cervical spine condition were related to the accident, but that the right shoulder and SLAP tear were not related. We find that, based upon the evidence, these OWC findings are reasonable in light of the record reviewed in its entirety.
Air Products argues in its first assignment of error that the OWC erred in determining that Mr. Albert was entitled to vocational rehabilitation services. After |fia thorough review of the record, we find no error in the OWC determination that Mr. Albert was entitled to vocational rehabilitation services.
After a thorough review of the record, we find no manifest error by the OWC. Thus, we affirm the judgment of the OWC. Costs are assessed against Air Products and Chemicals, Inc.
SHOW CAUSE ORDER DISMISSED AND APPEAL MAINTAINED; AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED AS MOOT.

. Air Products and "ESIS” filed exceptions raising the objections of lack of procedural capacity and no right of action on behalf of ESIS, Inc, asserting that it was a third-party administrator for Air Products and that Mr. Albert had no right of action against it. Further, the exception asserted that "ESIS” as named in the suit, was a non-entity and thus lacked the procedural capacity to be sued. These exceptions were not set for a hearing, and no judgment is found in the record concerning these exceptions.