McDonald, j.
DThis is an appeal of a judgment from the Office of Workers’ Compensation (OWC). On November 8, 2011, Deniese Duet, a home health care nurse, filed a disputed claim for compensation against her employer, Metro Preferred Health. Ms. Duet asserted that she was en route to visit her last patient of the day when her car was rear-ended in an automobile accident on May 27, 2000. She maintained that her benefits had been terminated on September 30, 2011. Metro Preferred Health filed an answer and general denial, admitting that Ms. Duet was injured while in the course of her employment but denying that she was temporarily disabled, permanently disabled, or suffering from a loss of earning capacity. Metro Preferred Health also asserted a claim for any credits or offsets due to it.
The parties stipulated that Ms. Duet was in the course and scope of her employment when the May 27, 2000 motor vehicle accident occurred, that she was injured in the accident, that insurance coverage was provided at all times pertinent to the litigation, that Ms. Duet’s indemnity benefits were terminated on September 30, 2011, and that her average weekly wage was $480.79. The case went to trial on the issues of whether Ms. Duet was permanently and totally disabled and whether her current disability was caused by her on-the-job accident of May 27, 2000. The trial was only to determine entitlement to indemnity benefits and not to address entitlement to medical benefits.
After a trial, the OWC determined that Ms. Duet did not prove that her present medical condition regarding her neck and back were causally related to the accident of May 27, 2000; that Ms. Duet did not prove that her current disability status regarding her neck and back were related to the accident of May 27, 2000; that she did not prove that she was entitled to continued workers’ compensation indemnity benefits. Ms. Duet’s claim was dismissed with prejudice. Ms. Duet is appealing that judgment.
| sMs. Duet makes two assignments of error: 1) that the OWC failed to apply Louisiana jurisprudence that subsequent accidents that exacerbate a work-related accident are not an intervening cause and are compensable; and, 2) in ruling in favor of Metro Preferred Health, the OWC applied a “straw that broke the camel’s back” theory of causation that is not supported in Louisiana law.
*436 In workers’ compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the “manifest error-clearly wrong” standard. Dean v. Southmark Const, 2003-1051 (La.7/6/04), 879 So.2d 112, 117. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Stobart v. State, through Dept of Transp. and Dev., 617 So.2d 880, 882 (La.1993). If the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Albert v. Air Products and Chemicals, 2012-0773 (La.App. 1 Cir. 2/6/13), 112 So.3d 906, 908, writ denied, 2013-0744 (La.5/17/13), 118 So.3d 375.
Ms. Duet had an extensive and complicated medical history outside of the work-related automobile accident. Both before and after Ms. Duet’s automobile accident of May 27, 2000, she experienced many automobile accidents and traumas. The OWC noted that the medical records showed that Ms. Duet’s back pain increased after a 2002 automobile accident, following which Ms. Duet had a tear at the L5-S1 area. The OWC found that the 2002 automobile accident was the cause of a second lumbar surgery in 2003, after which procedure Ms. Duet stopped working. The OWC found that the May 27, 2000 motor vehicle accident did not cause Ms. Duet’s current permanent and total disability.
The OWC’s findings are reasonable in light of the record reviewed in its |4entirety, and we find no manifest error. Therefore, the judgment of the OWC is affirmed. Costs are assessed against Ms. Deniese Duet.
AFFIRMED.