McDonald, j.
12An employee appeals from a judgment granting his former employer’s exceptions of res judicata and préscription and dismissing his motion for modification of a workers’ compensation award with prejudice. For the following reasonss we affirm in part, reverse in part, and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On August 30, 2011, a workers’ compensation judge (WCJ) signed a judgment awarding certain medical expenses and benefits to Peter Albert and against his former employer, Air Products and Chemicals, Inc., which stated:
Finding that claimant sustained an accident within the course and scope of employment with his employer on January 7, 2010, at which time claimant sustained a left shoulder and cervical injury, claimant is awarded:
1. Medical: Future medical expenses related to treatment for the left shoulder and cervical injury from the date of this judgment forward. No award of medical treatment for the right shoulder was granted based on the finding that the right shoulder injury was not related to the work injury.
2. Indemnity: Temporary Total Disability Benefits [(TTDBs)] were awarded from January 12, 2010, to April 5, .2010, or 12 weeks. However, an offset was awarded for the receipt of Short Term Disability , , payments [STDBs], This offset will apply to the aforementioned award of [TTDBs] and any future indemnity until satisfied. No award of back-due indemnity was granted based on the finding that claimant failed to prove by clear and convincing evidence an entitlement to Supplemental Earnings Benefits [(SEBs)] after April 5, 2010[.]
3. Vocational Rehabilitation: Vocational Rehabilitation is ordered to begin immediately.
(Underscoring omitted.)
Air Products appealed from the adverse judgment and this Court affirmed. Albert v. Air Products and Chemicals, 12-0773 (La.App. 1 Cir. 2/6/13), 112 So.3d 906, writ denied, 13-0744 (La.5/17/13), 118 So.3d 375. Mr. Albert did not appeal the judgment nor file an answer to Air Products’ appeal.
*746 In July 2012, while Air Products’ appeal was pending, Mr; Albert returned to see Dr. Kevin McCarthy, one of his treating orthopedists, with complaints that his back pain was worsening. Although Dr. McCarthy recommended an MRI of Mr. Albert’s cervical and thoracic spine, such did not occur. Mr. Albert’s next return visit to Dr. McCarthy |swas in July 2013, about a year later. In January 2014, an MRI was performed,. and Dr. McCarthy diagnosed Mr. Albert with a C6~7 herniated nucleus pulposus, C6-7 radiculopathy, and mid-back pain.[1] Dr.. McCarthy also indicated that Mr. Albert was a candidate for a C6-7 .anterior cervical discectomy and fusion.
‘ On May 9, 2014, Mr. Albert filed a motion for modification of his workers’ compensation award under " LSA-R.S. 23:1310.8(B) seeking TTDBs and alternatively SEBs. In his motion, Mr. Albert alleged that Dr. McCarthy’s February 10, 2014 opinion that'he was now a candidate for surgery constituted a “change in [his] compensable condition since the prior award” made in the August 30, 2011 judgment. Air Products responded to Mr. Albert’s motion with exceptions of res judica-ta and prescription. After a hearing, the WCJ signed a judgment on September 18, 2014, granting the exceptions and dismissing Mr. Albert’s motion to modify with prejudice.
ASSIGNMENTS OF ERROR
Mr. Albert appeals from the adverse judgment, asserting these assignments of error:
1. The' Office of Workers’ Compensa- ■ tion (OWC) committed legal error in failing- to properly apply the prescriptive period set forth in LSA-R.S. 23:1209(C).
2. The OWC committed legal error in ruling that Mr. Albert’s right to SEBs terminated under LSA-R.S. 23:1221(3)(d)(i).
3. The OWC committed legal error by applying res judicata to a claim for modification of . an award under LSA-R.S. 23:1310.8.
We first address assignment of error number three, pretermit discussion of assignment of error number two, and then consider assignment of error number one.
RES JUDICATA
Louisiana workers’ compensation law provides that a judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.. LSA-R.S. 23:1310,8(E). , Under LSA-R.S. 23:1310.8(B), a claimant cannot seek modification of an adverse judgment denying benefits, because the statutory language “compensation | ¿previously awarded” requires that a prior award of compensation has been made. Fox v. Reynolds Indust. Contractors, 44,938 (La.App. 2 Cir. 1/27/10), 33 So.3d 895, 901, unit denied, 10-0676 (La.5/28/10), 36 So.3d 250; Johnson v. Fresenius Medical Care, 43,952 (La. App. 2 Cir. 2/4/09), 4 So.3d 187, 188-89. In its August 30, 2011 .judgment, the WCJ specifically denied Mr. Albert’s original SEB claim based on Mr. Albert’s failure to prove his entitlement to SEBs. Because Mr. Albert did not appeal that judgment, *747 nor answer Air Products’ appeal, the August 30, 2011 judgment has become final. Under LSA-R.S. 23:1810.8(E), once Mr. Albert’s rights of appeal were exhausted, the judgment denying SEBs was res judi-cata and barred another claim for SEBs related to his work-related accident. Thus, the WCJ correctly granted Air Products’ exception of res judicata as to Mr. Albert’s modification claim for SEBs.
Regarding Mr. Albert’s modification claim for TTDBs, however, we find the August 30, 2011 judgment does not bar relitigation based on res judicata. Within the scheme of the workers’ compensation law, the concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. Williams v. BET Constr., Inc., 00-1765 (La.App. 1 Cir. 11/9/01), 818 So,2d 21, 23. Because changes in medical condition and disability status are dynamic and ongoing by. their nature, the legislature enacted LSA-R.S. 23:1310.8(A) and (B) to afford needed flexibility to ensure that benefits correspond to such changes. Res judicata thus cannot preclude litigation seeking a change in compensation benefits based on a change in disability and does not bar relitigation of claims subject to the WG’s modification jurisdiction, as set forth in LSA-R.S. 23:1310.8(A) and (B). Gabriel v. Lav. Lafourche Parish Water Dist., 12-0797 (La. App. 1 Cir. 2/25/13), 112 So.3d 281, 285, writ denied, 13-0653 (La.4/26/13), 112 So.3d 848; Pal v. Stranco, Inc., 10-1507 (La.App. 1 Cir. 8/3/11), 76 So.3d 477, 482-83, writ denied, 11-1834 (La.11/4/11), 75 So.3d 925. Also see Chaisson v. Central Crane Svc., 10-0112 (La.App. 1 Cir. 7/29/10), 44 So.3d 883, 888 n. 6, and H. Alston Johnson, III, Workers’ Compensation Law and Practice, 13 La.Civ.L. Treatise, § 284, p. 797 (“A determination of the extent of disability in a prior proceeding is not- res judicata as to a renewed request for a reevaluation of the issue in a petition for modificatioh of the prior judgment.”)
| Jn his motion to modify, Mr. Albert alleged that his disability status has changed since the trial of this matter. This alleged change in disability status is the type contemplated by LSA-R.S. 23:131Ó,8(Á) and (B), and as such, the August 30, 2011 judgment is subject to modification review by the WCJ. See Pal, 76 So.3d at 483. Also see Jackson v. Iberia Par. Gov’t., 98-1810 (La.4/16/99), 732 So.2d 517, 524-25 (“[T]he Legislature, through LSA-R.S. 23:1308 B, has taken affirmative steps to provide claimants with a cause of action to modify a prior award of compensation due to an alleged change in condition.”) Though we conclude Mr. Albert’s ’ TTDB modification claim is not barred by res judicata, we -now address whéther 'it is prescribed.
PRESCRIPTION
Mr. Albert’s first assignment of erro’r challenges the trial court’s determination that his motion for modification is prescribed. Under LSA-R.S. 23:1310.8(D), a petition to modify a judgment awarding benefits is subject to the prescriptive limitations set forth in LSA-R.S. 23:1209, which provides in pertinent part:
A. (1) In- case of. personal injury, ... all claims for payments shall be forever barred unless- within one year after the accident ... the .parties • have agreed upon the payments to be made under this' Chapter, or unless within one year after the .accident a formal claim has been filed as provided in Subsection B of this Section and in this. Chapter.
(2) Where such payments have been made'in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that[,] in cases of *748 benefits payable pursuant to R.S. 23:1221(8) [i.e., SEBs,] this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3) When ..the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within three years from the date of the accident.
(Emphasis added.)
The party pleading prescription generally bears the burden of proof. But, when a workers’ compensation claim is prescribed on its face; the claimant has the burden of showing that prescription has been interrupted, suspended, or renounced, or that his employer has lulled him into.a state of false security and induced him to withhold filing suit. - Pal, 76 So.3d .at 486. Prescription statutes, including LSA-R.S. 23:1209, are construed to maintain rather than to bar actions. Fox v. Reynolds Indust. Contractors, Inc., 46,696 (La.App.,2 Cir. 11/16/11), 79 So.3d 1140, 1143.
The prescriptive period that applies here is found in LSA-R.S. 23:1209(A)(2), under which prescription “shall not take effect until the expiration of one year from the time of making the last [compensation] payment[.]” Generally, a payment is considered “made” on the latest date the claimant could have received the payment. Wright v. Aetna Life and Cas. Co., 360 So.2d 235, 236 (La.App. 1 Cir.1978). Here, Air Products made no actual TTDB payments to Mr. Albert because it took the offset for his receipt of STDBs. But, each applied credit for the offset constituted Air Products’ tacit acknowledgment. of Mr. Albert’s right to payment and interrupted prescription through April 6, -2010, the date the last credit was taken. See Rambin v. Shreveport Refrig., Inc., 39,592 (La.App. 2 Cir. 6/4/05), 902 So.2d 1129, 1133-34. So, under LSA-R.S. 23:1209(A)(2), Mr. Albert had until April 5, 2011, or “one year from the time of-making the last payment” to file his motion for modification for TTDBs. Because Mr. Albert’s motion for modification was not filed until May 9, 2014, his claim is facially prescribed, and he had the burden of showing that prescription was interrupted. See Pal, 76 So.3d at 485.
Mr. Albert’s initial claim for compensation was filed on July 14, 2010, within one year of April 5, 2010, or within “one year from the time of making the last payment.” The timely filing of a disputed claim pursuant to LSA-R.S. 23:1310 is sufficient to interrupt prescription under LSA-C.C. art. 3462. Bracken v. Payne and Keller Co., Inc., 06-0865 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 588. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue continues “as long as the suit is pending.” LSA-C.C. art. 3463. Although LSA-C.C. art. 3463 does not define “pending,” Mr. Albert contends his initial claim remained pending until the Louisiana Supreme Court denied writs as to Air Products’ appeal of the judgment deciding that claim and that his nlotion for modification was timely because it was filed within one year of the writ denial.
Based on the Louisiana Supreme Court’s interpretation of the term “pending claim,” we are bound to agree with Mr. Albert’s position. In Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 727, cert. denied sub nom., Allstate Ins. Co. v. LIGA 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), the Supreme Court *749 concluded, for the purposes of interpreting a statute’s retroactivity provision, as follows:
[W]e conclude a claim is pending as long as it is subject to judicial scrutiny. Even though a lower court has adjudicated a claim and rendered judgment, the claim continues to be pending until appeal of that judgment has been exhausted. Until then, something further remains to ñx the plaintiffs right to enforce the claim as well as the defendant’s obligation to pay it. In other words, a claim “pending apipeal,” as'that phrase is commonly understood in a legal context, is a pending claim. (Emphasis in original.)
This Court has used Segura’s definition of pending claim in other contexts. In Times Picayune Pub. Corp. v. Board of Sup’rs of LSU, 02-2551 (La.App. 1 Cir. 5/9/03), 845 So.2d 599, 602, writ denied 03-1589 (La.9/5/03), 852 So.2d 1044, the Times Picayune sued the State to obtain records about the settlement of a lawsuit, claiming the requested documents - were public records. The Office of Risk Management (ORM), the state agency with the documents, argued the requested records were exempt from disclosure under LSA-R.'S. 44:4(15), which provides that the Louisiana Public Records Act shall'not apply “to any pending claims or pending claim files” in ORM’s custody or control. Although ORM argued Segura’s definition should not be used, this Court-relied on Segura and held that “pending claims,” as used in the Louisiana Public Records Act, “are those claims that are still subject to judicial scrutiny,” Id. at 607. Thus, this Court concluded the requested records were public, because they came from a lawsuit in which claims were no longer “pending” — that is, the lawsuit had been settled, the plaintiffs’ claims against all defendants had been dismissed with prejudice, and were no longer subject to judicial scrutiny. Id. See Magee v. Landrieu, 95-0437 (La.App. 1 Cir. 3/17/95), 653 So.2d 62, 67, writs denied, 95-0790, 95-0800, 95-0805, 95-0870 (La.4/21/95), 654 So.3d 319, 20 (finding decisions invalidating statutory ceiling on noneconomic damages against State and prejudgment interest limitation retroactively applied to cases in. which judgments were “pending appeal”).
Applying the reasoning óf Segura and Times Picayune here, we conclude Mr. Albert’s motion for modification of TTDBs is not prescribed. That is, even though the trial court' adjudicated Mr. Albert’s initial July 14, 2010 claim in the August 30, 2011 yudgment, Mr. Albert’s, claim continued to be pending as long as it was “subject to judicial scrutiny” and until the appeal of that judgment was exhausted. So, until Air Products’ appeal from the August 30, 2011 judgment was exhausted by the Supreme Court’s denial of writs oh May 17, 2013, Mr. Albert’s claim remained “pending” and prescription remained interrupted. Because- Mr. Albert filed his motion for modification on May 9, 2014, within one year of the Supreme Court’s writ denial, his motion was timely filed within the meaning of LSA-R.S. 23:1209(A)(2). The WCJ erred in concluding otherwise and in granting Air Products’ exception of prescription as to Mr. Albert’s modification claim for TTDBs.
We note the irony of applying Segura’s definition of “pending” to this case. Mr. Albert did not appeal the August 30, 2011 judgment nor answer Air Products’ appeal; so, it seems his .claim was no longer “pending” as to him when his appeal delays ran. Yet, because Air Products appealed, and the claim, remained “subject to judicial scrutiny” until the .Supreme Court denied writs, Mr. Albert now claims a benefit resulting from his adversary’s appeal and not resulting from any-action of his own. *750 Nonetheless, Segura ⅛ definition of “pending”. does not depend on which party-caused a claim to remain “subject to judicial scrutiny” — so, Air Products’ appeal is Mr. Albert’s advantage.
CONCLUSION
For the foregoing reasons, the September 18, 2014 judgment dismissing Peter Albert’s motion for modification is affirmed in part and reversed in part. The judgment is affirmed insofar as it dismisses Peter Albert’s motion for modification seeking Supplemental Earnings Benefits; it is reversed insofar as it dismisses Peter Albert’s motion for modification seeking Temporary Total Disability Benéfits. This matter is remanded for further proceeding consistent with this opinion. Fifty percent of costs are assessed to Air Products in thispauper suit.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
THERIOT, J,, concurs.

. Herniated nucleus pulposus is a condition in which part or all of the soft, gelatinous central portion of an intervertebral disk is forced through a weakened part of the disk, resulting in back pain and nerve root irritation. MedlinePlus Medical Encyclopedia Image, https://www.nlm.nih.gov/medlinepliis/ encylimagepagesl97Q0.htm, Radiculopathy is a pinched nerve in ;the spine, https:// healthline.com/health/ radiculopathy# Overview!,