# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-202**

MICHAEL GREEN

VERSUS

TOWN OF LAKE ARTHUR

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – District No. 3
PARISH OF CALCASIEU, NO. 08-22034
DIANNE MARIE MAYO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, John E. Conery, and Van H. Kyzar, Judges.

Amy, concurs in the result and assigns reasons.

**JUDGMENT DATED DECEMBER 14, 2017 REVERSED AND
VACATED. JUDGMENT DATED OCTOBER 14, 2009 REINSTATED.**

**Michael B. Miller**
**Jacqueline K. Becker**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, Louisiana  70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Michael Green**

**Joy C. Rabalais**
**Borne, Wilkes & Rabalais, L.L.C.**
**Post Office Box 4305**
**Lafayette, Louisiana  70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Town of Lake Arthur**

**CONERY, Judge.**

The plaintiff, Michael Green, appeals the December 14, 2017 judgment of the workers' compensation judge (WCJ) dismissing without prejudice Mr. Green's fully adjudicated workers' compensation claim.[1]  The original workers' compensation claim was reduced to final judgment on October 14, 2009.[2]  The December 14, 2017 dismissal was initiated at the request of the WCJ on her own initiative with no reasons or explanation.  The final judgment signed was without prejudice and noted that if any dispute should arise between the parties, they were to file a new Form LDPL-WC-1008 claim under the original docket number 08-22034.  Finding that Mr. Green's October 14, 2009 final judgment was dismissed without lawful cause, for the following reasons we reverse and vacate in its entirety the WCJ's December 14, 2017 judgment of dismissal and reinstate the judgment dated October 14, 2009.

## FACTS AND PROCEDURAL HISTORY

Mr. Green originally filed a workers' compensation claim properly utilizing Form LDPL-WC-1008 on October 14, 2008. The case went to trial before the WCJ on August 24, 2009.  Prior to the beginning of trial, counsel stipulated on the record to the following facts; 1) On or about September 23, 2008, Mr. Green was an employee of the Town of Lake Arthur when he suffered a work-related accident while in the course and scope of his employment; 2) Mr. Green's choice of orthopedist is Dr. Michael Heard, and his choice of orthopedic surgeon is Dr. Mark McDowell; 3) The Town of Lake Arthur is self-insured; 4) Mr. Green is entitled to

---

[1] The record and briefs also indicate alternate spelling of the appellant's surname as "Greene"; for consistency with the caption, we will reference the appellant's last name as "Green" throughout.

[2] The record before us does not contain the exact date of the WCJ's judgment following the trial on the merits in 2009.  However, at this court's request the record was supplemented with the WCJ's Oral Reasons For Judgment and the October 14, 2009 final judgment.

Temporary Total Disability Benefits; 5) The Town of Lake Arthur will pay a penalty of $8,000.00, the maximum allowed under the law at the time of the trial.

Two issues remained to be heard by the WCJ at the 2009 trial, the correct calculation of Mr. Green's Average Weekly Wage (AWW), which the WCJ set at $236.67 per week, and the amount of attorney fees owed by his employer. The WCJ awarded Mr. Green $12,000.00 in attorney fees and $419.15 in court costs. The WCJ's ruling on Mr. Green's initial Form LDPL-WC-1008 claim was reduced to a final judgment on October 14, 2009.

After the trial in 2009, various unrelated motions were heard and resolved by the WCJ. On April 15, 2014, the parties filed a "JOINT MOTION AND ORDER TO STAY" the case "until a motion is filed by any of the parties." The former WCJ signed the order to stay the case on April 15, 2014.[3] The record does not indicate why the "Joint Motion To Stay" was filed. No motions were filed by either party, and the stay remained in place for over three years.

On June 26, 2017, the new WCJ, on her own initiative, sent counsel for both parties a "NOTICE OF TELEPHONE STATUS CONFERENCE" (TSC) in Mr. Green's original case, docket number 08-22034. The notice did not explain the nature of the conference but merely stated, "TAKE NOTICE: There will be a Telephone Status Conference in the above case at 9:00 a.m. on 7/6/2017."[4] Again, there is no explanation in the record as to why the WCJ initiated this puzzling unsolicited notice.

During the telephone conference on July 6, 2017, the WCJ of her own accord stated her intention to lift the April 15, 2014 stay and dismiss Mr. Green's original Form LDPL-WC-1008 claim, as memorialized in a document entitled "NOTES OF

---

[3] The Stay Order was introduced into evidence by the WCJ as C-1.

[4] The Notice of TSC dated 6/26/17 was introduced into evidence by Mr. Green as P-1 (A).

COURT." The WCJ's decision was issued following a discussion with counsel during the July 6, 2017 TSC that "there are no pending issues in this case."[5] The WCJ signed an Order on July 6, 2017 that "the Motion to Lift the Stay and to Dismiss shall be filed with the court within ten days of the July 6, 2017 TSC." It was further ordered that if the motion was not received timely, "a Rule to Show Cause will be set."[6] Counsel for the Town of Lake Arthur then drafted and submitted a judgment to the WCJ for her signature at her request.

On July 11, 2017, in correspondence to the WCJ, counsel for Mr. Green objected to the form of judgment drafted by counsel for the Town of Lake Arthur and indicated it had not been sent to him prior to opposing counsel sending the proposed judgment to the WCJ. The objection was filed on July 13, 2017.[7]

On July 26, 2017, over the objection of counsel for Mr. Green, the WCJ signed the judgment submitted by the Town of Lake Arthur at her request lifting the stay and dismissing without prejudice Mr. Green's original Form LDPL-WC-1008 claim in docket number 08-22034. The WCJ's self-initiated ruling allowed the parties to file a new Form LDPL-WC-1008 claim under the original docket number 08-22034 if any further action was required in the case.[8]

On August 1, 2017, counsel for Mr. Green sent correspondence to the WCJ requesting a hearing to be set on the "Motion to Dismiss prior to the decision."[9]

---

[5] The Notes of Court from TSC dated July 6, 2017, were introduced into evidence by Mr. Green as P-1(B)

[6] The Interlocutory Judgment was introduced into evidence by Mr. Green as P-(C).

[7] Correspondence from Mr. Miller dated July 11, 2017, was introduced into evidence by Mr. Green as P-1(E).

[8] The signed Motion and Order dated July 26, 2017, was introduced into evidence by Mr. Green as P-1(F).

[9] The August 1, 2017 letter from counsel for Mr. Green was introduced into evidence by Mr. Green as P-1(G).

At the request of Mr. Green's counsel, the WCJ set a hearing on Mr. Green's Motion for August 31, 2017, and treated it as a motion for reconsideration. The notice stated, "The purpose of this hearing is to take evidence and/or hear oral argument on the Plaintiff's request for reconsideration of the Motion to Dismiss filed by defendant in compliance with a court order."[10]

The WCJ held the hearing as scheduled on August 31, 2017. Mr. Green argued that in dismissing the original Form LDPL-WC-1008 claim, the WCJ would also be dismissing its October 14, 2009 final judgment. Accordingly, if there was any problem in the future, Mr. Green would have to start the claims' process again because of the WCJ's requirement that he file a new Form LDPL-WC-1008 claim. This procedure would, in fact, result in prejudice to his client's rights, despite the language of the WCJ's dismissal, of the October 14, 2009 final judgment "without prejudice."

Counsel for the Town of Lake Arthur argued in support of the WCJ's dismissal claiming that just because the Form LDPL-WC-1008 claim was dismissed, it had no effect on Mr. Green's October 14, 2009 final judgment. If her client stopped paying, then Mr. Green would have the opportunity to come to the WCJ to enforce the judgment.

At the hearing, the WCJ maintained her position that Mr. Green's rights were not in jeopardy and stated:

> There's no action been taken on this case within the last three years. The stay has been lifted. The Court is going to dismiss this case without prejudice in saying that if an iota of the judgment is violated, you know the vehicle you need to get back in this court.

---

[10] The August 1, 2017 Notice was introduced into evidence by Mr. Green as P- 1(H).

4

No specific reasons were given, and, no legal authority was cited for the WCJ's ruling. Counsel for the Town of Lake Arthur was ordered to prepare a judgment in conformity with the WCJ's ruling. The final judgment submitted by counsel for the Town of Lake Arthur included the language "without prejudice" and was signed by the WCJ on December 14, 2017, from which Mr. Green now timely appeals.

## ASSIGNMENT OF ERROR

Mr. Green asserts one assignment of error on appeal:

1. The workers' compensation judge erred in dismissing [Mr. Green's] workers' compensation claim.

## LAW AND DISCUSSION

### *Standard of Review*

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. La Dep't. of Corrs.*, 93-1305 (La. 2/28/94), 633 So.2d 129. Nevertheless, "when legal error interdicts the fact-finding process in a workers' compensation case, the manifest error or clearly wrong standard of review no longer applies and *de novo* review of the matter is required." *Gaines v. Home Care Solutions LLC*, 15-895, p. 9 (La.App. 4 Cir. 4/6/16), 192 So.3d 794, 801, *writ denied*, 16-847 (La. 6/17/16), 192 So.3d 765, (citing *Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp.*, 11-179, p. 3 (La.App 4 Cir. 6/29/11), 70 So.3d 988, 990). "Likewise, interpretation of statutes pertaining to workers' compensation is a question of law and warrants *de novo* review to determine if the ruling was legally correct." *Id*.

This case involves the statutory interpretation and application of several workers' compensation statutes. Therefore, we will review *de novo* the WCJ's

5

statutory interpretation of and authority to issue a judgment dismissing Mr. Green's original Form LDPL-WC-1008 claim without prejudice, which had been previously reduced to a final judgment on October 14, 2009.

*Louisiana. Administrative Code Title 40, Part I, § 5705*

Although not cited in the record, counsel for the Town of Lake Arthur urges on appeal that the authority supporting the WCJ's decision to lift the stay and dismiss Mr. Green's original Form LDPL-WC-1008 claim without prejudice, which had been reduced to judgment on October 14, 2009, was based on La. Admin. Code tit. 40, Pt. I, § 5705, which reads in pertinent part:

> A. A claim may be dismissed without prejudice after contradictory hearing properly noticed by the court on the judge's own motion or on ex parte motion of a party for the following reasons:
> . . . .
> 3. where a claim has been pending six months without proceedings being taken within such period. This provision shall not apply if the claim is awaiting action by the workers' compensation court;[]
> . . . .
> B. Any order of dismissal shall allow for reinstatement of the action within 30 days for good cause shown.
> . . . .
> C. The workers' compensation judge may order the claim dismissed, with prejudice, after a contradictory hearing, when it is shown that more than 90 days has elapsed since a claim was dismissed for any reason listed in Subsection A of the Section and no good cause has been shown for reinstatement.

*Louisiana Code of Civil Procedure Article 1672*

Mr. Green's counsel argued in his brief to this court that La.Code Civ.P. art. 1672 controlled and did not provide authority for the WCJ to dismiss Mr. Green's workers' compensation case. Indeed, nothing in La.Code Civ.P. art. 1672 would support a dismissal without prejudice in this case.

6

However, we need not address the application of La.Code Civ.P. art. 1672 to this case. We stated in *Piper v. Shakti*, 02-1010, p. 4 (La.App. 3 Cir. 10/1/03), 856 So.2d 144, 147 (alteration in original) (quoting Victoria v. Stalder, 99-2260, p. 6 (La.App. 1 Cir. 7/14/00), 770 So.2d 382, 389 (Gonzales, J., concurring)) the well settled law that more specific laws govern over the more general:

> In determining the applicability of laws, the more specific governs over the more general. *In the Interest of A.C.*, 93-1125 (La.1/27/94), 643 So.2d 719, 730, *cert. denied*, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995). With regard to administrative agencies, the more specific laws are those which govern the agency. These specific laws govern over the more general laws of the APA [Administrative Procedures Act] or of the Louisiana Code of Civil Procedure. *See Corbello v. Sutton*, 446 So.2d 301, 303 (La.1984); *State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division*, 95-2355 (La.App. 1 Cir. 8/21/96), 694 So.2d 316, 321.

Louisiana Revised Statutes 23:1310.1(C) (footnote omitted) is the specific law applicable to this case and provides:

> The director [of the Office of Workers Compensation] shall have the authority to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act. All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law.

The statute provides the authority for the promulgation of La.Admin. Code, tit. 40, Pt. I, § 5705, cited above, which applies to the abandonment of a Form LDOC-WC-1008 claim. In the case of *Baker v. Summit Nursing Home*, 09-1007 (La.App. 3 Cir. 3/10/10), 33 So.3d 959, this court discussed the authority of the director of the Office of Workers' Compensation pursuant to La.R.S. 23:1310.1(C). This court affirmed the dismissal of Ms. Baker's Form LDOC-WC-1008 claim for her failure to attend a pretrial conference after counsel withdrew from her case. The WCJ set a

7

contradictory hearing to determine whether Ms. Baker's claim should be dismissed because she failed to attend the hearing despite receiving proper notice. Instead of seeking reinstatement of her case within the thirty-day period allowed by § 5705(C), Ms. Baker filed a devolutive appeal. On appeal the panel held that it was within the WCJ's discretion to dismiss Ms. Baker's claim without prejudice based on her failure to appear at the contradictory hearing or to file for reinstatement of her claim within the thirty-day period provided by § 5705(C). It is clear that Ms. Baker's claim was still pending, and, unlike this case, had not been fully adjudicated.

Considering the analysis of the application of La.Admin. Code, tit. 40, Pt. I, § 5705 in *Baker*, it is clear to this court that it only applies to a Form LDOC-WC-1008 claim that has not been adjudicated or has been abandoned. Clearly, if a case is not prosecuted in a timely manner, it is the duty of the WCJ to examine the docket and not allow cases to languish for long periods. Therefore, La.Admin. Code, tit. 40, Pt. I, § 5705 provides the vehicle for the WCJ to supervise its docket and dismiss those cases where no action had been taken for at least six months on a case that has not been fully adjudicated, or as in the case of Ms. Baker, there has been a failure to attend a hearing or seek timely reinstatement of the claim.

Based on the foregoing, we find that the WCJ committed legal error in applying § 5705 to Mr. Green's case when there are applicable statutes pertaining to a Form LDOC-WC-1008 claim that has been fully adjudicated and a final judgment rendered.

The provisions of La.R.S. 23:1310.1(C) indicate that "[a]ll rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law." Accordingly, we find that the applicable provisions

8

of the Worker' Compensation Law which apply to Mr. Green's claim are La.R.S. 23:1310.8 and La.R.S. 23:1209.

Louisiana Revised Statutes 23:1310.8 provides in pertinent part:

> A. (1) The power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified. . . .
>     . . . .
> B. Upon the motion of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
>     . . . .
> D. A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209.
>     . . . .
> F. An award of temporary total disability benefits may be modified by the filing of a motion for modification with the same court that awarded the benefits and under the same caption and docket number without the necessity of filing a new dispute and appearing at a mediation conference. . . .

Louisiana Revised Statutes 23:1209(A)(2) governs the prescriptive period for a petition to modify a judgment awarding benefits pursuant to La.R.S. 23:1310.8(D) and provides in pertinent part, "Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment[.]" *See Borja v. FARA*, 16-55 (La. 10/19/16), 218 So.3d 1, 11; *Albert v. Air Prods. and Chems.*, 15-525 (La.App. 1 Cir. 1/21/16), 186 So.3d 743, 748, *writ denied*, 16-630 (La. 5/20/16), 191 So.3d 1071.

As provided above, "[t]he power and jurisdiction of the workers' compensation judge over each case is continuing and he may upon application by a

9

party and after contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto[.]" La.R.S. 23:1310.8(A)(1).

Mr. Green has an October 14, 2009 final judgment awarding him indemnity and medical benefits. Therefore, Mr. Green has the right to seek additional benefits under La.R.S. 23:1310.8(B) and La.R.S. 23:1310.8(F). Louisiana Revised Statutes 23:1310.8(F) allows the modification of an award of temporary total disability benefits "by the filing of a motion for modification with the same caption court that awarded the benefits and under the same docket number without the necessity of filing a new dispute and appearing at a mediation conference." Likewise, the Town of Lake Arthur has an equal right to seek a modification.

In this case, for reasons which do not appear in the record and for which no legal authority has been cited, the WCJ dismissed Mr. Green's claim on her own initiative. Should Mr. Green wish to seek a future modification he would then be forced to file a new Form LDPL-WC-1008 claim, which would require him to follow all procedures relating to a new claim. Town of Lake Arthur would have a right to file an answer, send discovery requests, and seek a mediation conference. There is no statutory or regulatory authority for such a procedure when there has been a final judgment in a fully adjudicated claim.

Louisiana Revised Statutes 23:1310.8(F) allows Mr. Green the right to forgo the filing of a "new dispute" and avoid the necessity for delays incidental to an answer, and discovery and appearing at a possible WCJ-ordered mediation conference and new trial. That right would be lost were he to be required to file a new claim rather than a modification. Other rights may also be in jeopardy. Questions as to prescription may arise, since this is a 2009 original claim. Mr. Green asserts, and we agree, that if both his weekly benefits and medical treatment are

10

discontinued by the Town of Lake Arthur, he would be in dire circumstances and would be in need of the expedited procedure provided for by La.R.S. 23:1310.8(F).

We find that the effect of the WCJ's ruling would require Mr. Green to start a new claim with all its burdensome delays and procedures. Louisiana Revised Statutes 23:1310.8(F) is the proper statute to provide the most expedient method of resolving any issue that could arise concerning the October 14, 2009 final judgment. Accordingly, the December 14, 2017 judgment, issued on WCJ's own initiative, which dismissed Mr. Green's case without prejudice, and thus requiring him to file a new Form LDPL-WC-1008 claim is a violation of his rights under La.R.S. 23:1310.8(F) and is vacated.

## CONCLUSION

Based on our *de novo* review of the entire record, we find that the WCJ committed legal error in issuing a judgment dismissing Mr. Green's original 2009 Form LDPL-WC-1008 claim and dismissing without prejudice the October 14, 2009 final judgment granting him benefits and requiring him to file a new Form LDPL-WC-1008 claim should the necessity to modify the October 14, 2009 final judgment arise.

We, therefore, vacate in its entirety the WCJ's December 14, 2017 judgment and reinstate the October 14, 2009 final judgment. The rights of either party to file a petition to modify the judgment in accordance with the one year prescriptive period provided in La.R.S. 23:1209(2) are reserved. *Borja*, 218 So.3d 1; *Albert,* 186 So.3d 743. All costs of this appeal are assessed to the Town of Lake Arthur.

**JUDGMENT DATED DECEMBER 14, 2017 REVERSED AND VACATED. JUDGMENT DATED OCTOBER 14, 2009 REINSTATED.**

11

NUMBER 18-202

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MICHAEL GREEN

VERSUS

TOWN OF LAKE ARTHUR

AMY, Judge, concurring in the result.

Like the majority, I find that the workers' compensation judge's use of La.Admin. Code Title 40, Pt. I, § 5705 was misplaced in this proceeding. Namely, Section 5705(A) references a "claim" that has been "pending six months without proceedings being taken within such period." In this instance, no such matter was pending. Finding that observation to be dispositive, I respectfully join in the result reflected in the majority opinion.